JOHN H. ROBERTSON, GUARDIAN, APPELLANT, V. AMBROSE
C. EPPERSON ET AL., APPELLEES.

FILED JANUARY 17, 1907. No. 14,509.

Guardian and Ward: REVOCATION OF APPOINTMENT. Where a guardian places himself in a position with respect to the estate which brings his interests in conflict with those of his ward, he should be discharged and his letters revoked.

APPEAL from the district court for Clay county: ROBERT C. ORR, JUDGE. *Affirmed.*

*T. H. Matters,* for appellant.

*A. C. Epperson, Paul E. Boslaugh* and *M. V. Hart,* contra.

ALBERT, C.

On the 6th day of November, 1884, John H. Robertson, the appellant, was appointed guardian of Thomas Edmondson, an insane person, by the county court of Clay county. The estate consisted of personal property, appraised at $372.58, and 80 acres of land, appraised at $1,800. The personal estate was practically exhausted the first year in the payment of certain debts of the ward and expenses incident to the trust. From that time the land was the only source of income. The ward is confined in an asylum, and the estate has not been charged with his support, save $60 for the first year. A share rent was taken for the land in 1885, the proceeds of which amounted to $60. The following year it yielded a cash rent of $60. From that time to 1903 the appellant farmed the land himself, charged himself with $60 rent therefor each year, except for the years 1901 and 1902, for which he charged himself with an annual rental of $100. The appellant moved upon the land in 1894, and has ever since resided thereon with his family. In February, 1903, the appellant leased the land to his own son, who resided on the land with him, for the sum of $600, which was paid

in advance. The last report filed in the county court by the appellant includes this item of $600 and shows a balance due the estate from the appellant of $61.31. Taking into account the six year term beginning March 1, 1903, the appellant has received the rents and profits of the land for a period of 24 years, aggregating, according to his own reports, $1,760. His reports show that more than $1,100 of the rents and profits were expended in repairs in the house, the erection of corncribs, hogpens and other improvements on the land. From the date the appellant moved upon the land to January 22, 1898, the expenditures for such improvements amounted to $700; the remainder was expended between the latter date and February, 1903. It is worthy of note that there was no corresponding change in the annual rental accounted for by the appellant until 1901, when it was raised from $60 to $100.

In March, 1903, the county court of Clay county, on its own motion, cited the appellant to appear and show cause why he should not be removed from his trust. On the return day the court appointed a guardian *ad litem* for the ward, who thereupon filed a petition asking for the removal of the guardian. A like petition was also filed by Anne Edmondson, a sister of the ward. The charges in the petitions are substantially the same, and, so far as material at present, are to the effect that the guardian had neglected to give due care to the management of the estate, that the rents and profits of the real estate accounted for by him were grossly below the actual rental value of the land, and that he had occupied and used the land for his own profit, and had laid out and expended the income derived therefrom in improvements and repairs on the premises for his own use and benefit, and not for the benefit of the estate. The petitions contained the further charge that the lease of the land to the appellant's son for the term of six years was not made for the benefit of the estate, but to serve the private ends of the guardian himself. The issues were made up and a

hearing had on the merits, whereupon the county court entered an order removing the guardian, revoking his letters, and appointing L. G. Hurd as guardian in his stead. The appellant appealed to the district court, where substantially the same charges were made against him. A trial was had, which resulted in a judgment for the removal of the appellant and a revocation of his letters, from which he now appeals to this court.

The appellant's use and occupancy of his ward's land, the amount with which he charged himself therefor, his expenditures for improvements thereon, and the leasing thereof to his son, a member of his own household, stand admitted. His position throughout with respect to this land has been antagonistic to that of his ward. The improvements, in which the greater part of 24 years' rental have been swallowed up, appear from the evidence to have been made largely for his own accommodation. The order discharging him is the only one the facts conclusively established would have justified. That being true, the numerous questions of practice raised, which go merely to the form, and not to the substance, do not merit serious consideration.

It is recommended that the order of the district court be affirmed.

DUFFIE and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the order of the district court is

AFFIRMED.