In re Guardianship of Francine L. Workman, a minor. Dolores Lucille Workman, appellee, v. Frank M. Workman, appellant, Impleaded with Joseph Ginsburg, Successor-Guardian, appellee.
In re Guardianship of Robert Lee Workman, a minor. Dolores Lucille Workman, appellee, v. Frank M. Workman, appellant, Impleaded with Joseph Ginsburg, Successor-Guardian, appellee.
In re Guardianship of Joseph M. Workman, a minor. Dolores Lucille Workman, appellee, v. Frank M. Workman, appellant, Impleaded with Joseph Ginsburg, Successor-Guardian, appellee.

95 N. W. 2d 704

Filed April 10, 1959.   Nos. 34539, 34540, 34541.

*Max Kier*, for appellant.

*Crosby, Pansing & Guenzel* and *Perry, Perry & Nuernberger*, for appellees.

Heard before Simmons, C. J., Carter, Yeager, Chappell, Wenke, and Boslaugh, JJ.

Yeager, J.

On this appeal three cases were consolidated and

presented as one. The only difference is in the names of certain parties whose interests are involved. Duplicate pleadings were filed in the cases and the evidence taken applied to all three. For the purposes of this opinion, they will be treated as one case.

The outline of the factual situation and the issues presented for consideration are the following: Frank M. Workman and Dolores Lucille Workman were husband and wife and the parents of Francine L. Workman, Robert Lee Workman, and Joseph M. Workman, minors. On March 15, 1950, Frank M. Workman, who will hereinafter be referred to as Workman, with the consent of Dolores Lucille Workman, was appointed by the county court of Lancaster County, Nebraska, guardian of the estates of the three minors. On May 7, 1955, on petition of Dolores Lucille Workman, Workman was removed as guardian by the court. At the same time Joseph Ginsburg was appointed as successor-guardian. He qualified as successor-guardian on May 10, 1955. Workman appealed from the order removing him as guardian on May 11, 1955. The transcript on appeal was filed in the office of the clerk of the district court on May 21, 1955. On June 22, 1955, Joseph Ginsburg filed a petition on appeal in the district court. In the petition it was stated by Ginsburg: "That he is the duly appointed, qualified and acting successor guardian for the estate of the above-named minor; that he has been authorized and directed by the County Judge of Lancaster County, Nebraska to file this Petition on Appeal; this successor guardian shows to the court that he has a direct interest in this matter and in the maintenance of the Order entered herein by the County Judge of Lancaster County, Nebraska; * * *."

The petition contained allegations of unfitness of Workman to continue as guardian of these minors, which allegations it is deemed unnecessary to repeat here. By the prayer Ginsburg prayed for dismissal of the appeal

and that his appointment as successor-guardian be sustained, affirmed, and approved.

To the petition no answer and no other responsive pleading was ever filed. In fact nothing else was ever filed in the case relating to issues except a motion to set a hearing on the appeal from the removal of Workman as guardian. This was filed on May 13, 1958, by Dolores Lucille Workman who was in the motion designated as guardian, mother, and next friend. The motion was sustained and hearing was set for May 17, 1958. Hearing however started on July 24, 1958.

On the trial the issue presented by the Ginsburg petition as to whether or not the facts stated as ground for removal of Workman were sustained by evidence was not tried. The only questions presented were those of whether the appeal of Workman should be dismissed on the ground that he had abandoned it, and whether or not the petition of Ginsburg was valid for the purpose of review and adjudication on an appeal from the county court.

At the commencement of the trial the attorney for Workman made an oral motion (1) to strike the petition on appeal by Ginsburg on the ground that he was not a party to the proceeding and that he had no authority to file a petition on appeal in view of the fact that the order of his appointment has been superseded; (2) to vacate the order removing Workman as guardian; and (3) to nonsuit Dolores Lucille Workman who filed the petition for removal of Workman as guardian for the reason that she failed to file a petition on appeal in the district court, in consequence of which she was in default. By motion he also objected to a hearing for the reason that issues had not been made up.

The attorneys for the appellees orally objected to the several motions and asserted in substance that there was no default as to the filing of a petition on appeal for the reason that the petition of Ginsburg was properly filed by him, but that Workman was in default for

failure to file responsive pleadings. The appellees at that time asked leave to make a record on the facts bearing on the question of whether or not Workman had abandoned his appeal.

A hearing was had on this question and the record of this evidence discloses that on May 13, 1955, after qualifying as successor-guardian, Ginsburg demanded the assets of the guardianships which assets were delivered to him by the attorney for Workman on May 16, 1955. Neither Workman nor his attorney contested the right of Ginsburg to act as guardian as long as he was the purported guardian, which was until December 1957, when his resignation, according to the testimony, was acted upon.

At the conclusion of this hearing the court found that Workman voluntarily turned over to Ginsburg as successor-guardian all of the assets of the guardianships; that he recognized the authority of Ginsburg and acquiesced in his appointment; and that he failed to maintain and prosecute his appeals for approximately two and one-half years, in consequence of which the appeals should be dismissed. By order of the court the appeals were dismissed. It is from this order that Workman has appealed.

The first question for consideration is that of whether or not a petition was filed in the district court which satisfied the statutory requirements on appeal to the district court from the county court.

Section 27-1306, R. R. S. 1943, which is applicable here as to parties and time for pleading on appeal to the district court in probate proceedings in the county court, is as follows: "In all cases of appeal from the county court or a justice of the peace, the plaintiff in the court below shall, within fifty days from and after the date of the rendition of the judgment in the court below, file his petition as required in civil cases in the district court, and the answer shall be filed and issue joined as in cases commenced in such appellate court." See,

also, In re Estate of Lindekugel, 148 Neb. 271, 27 N. W. 2d 169; Rice v. McGrath, 162 Neb. 511, 76 N. W. 2d 428.

Section 25-821, R. R. S. 1943, as to time when a responsive pleading to a petition on appeal from the county court shall be filed, is as follows: "The answer or demurrer of the defendant shall be filed on or before the third Monday, * * * after the return day of the summons or service by publication." In the case here Workman, who had the status of defendant, never did file any kind or character of responsive pleading. The statute does not provide for summons or notice of the filing of a petition by the appellee in an action on appeal from the county court. Since however the appellant is the moving party it appears that reasonably it should be presumed that he has notice of the legal duty of the appellee as to the time for filing his petition, and in the light of this notice he should be required to respond within the time provided by statute after summons or notice in other cases. This would require him to respond on or before the third Monday after the expiration of 50 days from the rendition of the judgment of the county court, and if he fails to do so he is in default. He has never asked for an extension of time or for leave to file such a pleading.

If therefore Ginsburg was the proper party to file the petition on appeal, then of course Workman was in default and had and has no standing in the proceeding.

As pointed out, Ginsburg pleaded in his petition that he was acting successor-guardian and that he had been authorized and directed by the county judge to file the petition on appeal. This alone, if proved, we think, would be sufficient as right and authority of Ginsburg to file the petition on appeal.

The case of Crooker v. Smith, 47 Neb. 102, 66 N. W. 19, was one in which a guardian was removed and an appeal taken to the district court. The name or capacity of the person who conducted the proceeding does not appear. The thing pointed out therein by in-

ference as of controlling importance is that the duty to protect a minor in a guardianship proceeding devolves upon the court on notice to the guardian and not necessarily upon some other person having a relationship to the proceeding or the estate.

The case of Robertson v. Epperson, 78 Neb. 279, 110 N. W. 540, was one wherein a guardian was removed after notice from the court on its motion and pursuant to a petition of a guardian ad litem appointed by the court. An appeal was taken. The inference to be drawn from this case is that power resides in the county court to designate the person to conduct on behalf of the estate the proceedings for removal of a guardian.

This court, in In re Guardianship of Timperley, 141 Neb. 604, 4 N. W. 2d 603, recognized the right of a daughter of an insane incompetent person under guardianship to institute and maintain action in the county court in the name of the estate for removal of a guardian, in which court a removal order was rendered, and to defend against an appeal to the district court therefrom.

While it is true that none of these cases is directly in point on the question here they do indicate that the real party in interest is the guardianship estate; that the county court has power to designate a representative for the estate in proceedings for the removal of a guardian; and that as such representative he is the proper party to file a petition on appeal to the district court from an order removing a guardian.

There is no purpose to say here that only a person designated to act by the county court may represent the estate in such a situation as this. The question of whether or not a person may so act without general or special designation of the county court is not presented in this case.

The record discloses the appointment of Ginsburg as successor-guardian. His testimony discloses that he continued as such until December 1957. The record of all of the evidence shows that Workman by his acts and

conduct from the date of Ginsburg's appointment has recognized the authority of Ginsburg to act as guardian. He has not, since the transcript on appeal was filed in the district court, challenged that authority in any legally recognizable manner. This last is true in view of his default and failure to put himself in a position to be heard.

The judgments of the district court in these three cases are affirmed.

AFFIRMED.

MESSMORE, J., participating on briefs.