Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
12/16/2016 09:07 AM CST

State of Nebraska, appellee, v.
Charles D. Bluett, appellant.
___ N.W.2d ___

Filed December 16, 2016.    No. S-15-1168.

1. **Judgments: Jurisdiction: Appeal and Error.** A jurisdictional issue that does not involve a factual dispute presents a question of law, which an appellate court independently decides.
2. **Criminal Law: Courts: Juvenile Courts: Jurisdiction: Appeal and Error.** A trial court's denial of a motion to transfer a pending criminal proceeding to the juvenile court is reviewed for an abuse of discretion.
3. **Judgments: Words and Phrases.** An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence.
4. **Jurisdiction: Final Orders: Appeal and Error.** For an appellate court to acquire jurisdiction over an appeal, there must be either a final judgment or a final order entered by the court from which the appeal is taken.
5. **Jurisdiction: Appeal and Error.** Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.
6. **Final Orders: Appeal and Error.** The three types of final orders which may be reviewed on appeal under the provisions of Neb. Rev. Stat. § 25-1902 (Reissue 2016) are (1) an order which affects a substantial right in an action and which in effect determines the action and prevents a judgment, (2) an order affecting a substantial right made during a special proceeding, and (3) an order affecting a substantial right made on summary application in an action after a judgment is rendered.
7. **Words and Phrases.** A substantial right as an essential legal right, not merely a technical right.

8. **Final Orders: Appeal and Error.** An order affects a substantial right if it affects the subject matter of the litigation, such as diminishing a claim or defense that was available to the appellant prior to the order from which he or she is appealing.

9. ____: ____. Having a substantial effect on a substantial right depends most fundamentally on whether the right could otherwise effectively be vindicated through an appeal from the final judgment.

Appeal from the District Court for Douglas County: J Russell Derr, Judge. Appeal dismissed.

Thomas C. Riley, Douglas County Public Defender, and Timothy F. Shanahan for appellant.

Douglas J. Peterson, Attorney General, and Austin N. Relph for appellee.

Heavican, C.J., Wright, Miller-Lerman, Cassel, Stacy, Kelch, and Funke, JJ.

Heavican, C.J.

## INTRODUCTION

Charles D. Bluett moved to transfer his case to juvenile court. That motion was denied. Bluett appeals.

## BACKGROUND

Bluett was charged with robbery and use of a weapon to commit a felony. Because Bluett was 15 years of age at the time of the commission of the crimes charged, he moved to transfer his case to the separate juvenile court of Douglas County. That motion was denied. Bluett then filed this appeal. We granted Bluett's petition to bypass the Nebraska Court of Appeals. Because Bluett appeals from a nonfinal order, we dismiss his appeal.

## ASSIGNMENT OF ERROR

Bluett assigns that the district court erred in denying his motion to transfer.

## STANDARD OF REVIEW

[1] A jurisdictional issue that does not involve a factual dispute presents a question of law, which an appellate court independently decides.[1]

[2,3] A trial court's denial of a motion to transfer a pending criminal proceeding to the juvenile court is reviewed for an abuse of discretion.[2] An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence.[3]

## ANALYSIS

[4,5] For an appellate court to acquire jurisdiction over an appeal, there must be either a final judgment or a final order entered by the court from which the appeal is taken.[4] Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.[5]

[6] The three types of final orders which may be reviewed on appeal under the provisions of Neb. Rev. Stat. § 25-1902 (Reissue 2016) are (1) an order which affects a substantial right in an action and which in effect determines the action and prevents a judgment, (2) an order affecting a substantial right made during a special proceeding, and (3) an order affecting a substantial right made on summary application in an action after a judgment is rendered.[6]

[7-9] In this case, we need not decide which of the above categories, if any, this case fits under because we conclude

---

[1] See *Purdie v. Nebraska Dept. of Corr. Servs.*, 292 Neb. 524, 872 N.W.2d 895 (2016).

[2] *State v. Goodwin*, 278 Neb. 945, 774 N.W.2d 733 (2009).

[3] See *State v. Jones*, 293 Neb. 452, 878 N.W.2d 379 (2016).

[4] *State v. Jackson*, 291 Neb. 908, 870 N.W.2d 133 (2015). See, also, Neb. Rev. Stat. § 25-1911 (Reissue 2016).

[5] *Id.*

[6] *State v. Meints*, 291 Neb. 869, 869 N.W.2d 343 (2015).

that it does not affect a substantial right. A substantial right is an essential legal right, not merely a technical right.[7] An order affects a substantial right if it affects the subject matter of the litigation, such as diminishing a claim or defense that was available to the appellant prior to the order from which he or she is appealing.[8] But it is not enough that the right itself be substantial.[9] Having a substantial effect on a substantial right depends most fundamentally on whether the right could otherwise effectively be vindicated through an appeal from the final judgment.[10]

Bluett argues that he had a substantial right affected by the district court's denial of his motion to transfer. He argues that the U.S. Supreme Court, in *Miller v. Alabama*,[11] noted a clear distinction between the culpability of adults as opposed to minors and creates a substantial right for juveniles in criminal proceedings. Bluett further argues that the deletion of language in Neb. Rev. Stat. § 29-1816 (Reissue 2016) that specifically noted that the denial of such a transfer motion was not final lends support to the conclusion that this is a substantial right.

We turn first to the deletion of language in § 29-1816. We addressed the import of the deletion of this language in *In re Interest of Tyrone K.*[12] In that opinion, we concluded that the changes to the statute as a result of the passage of 2014 Neb. Laws, L.B. 464, did not determine the finality of an order under § 29-1816, noting that "deleting a negative does not automatically create a positive," and, further, that the Legislature is fully capable of authoring language that would

---

[7] *State v. Jackson, supra* note 4.

[8] *Id.*

[9] *Id.*

[10] *In re Adoption of Madysen S.*, 293 Neb. 653, 879 N.W.2d 34 (2016).

[11] *Miller v. Alabama*, ___ U.S. ___, 132 S. Ct. 2455, 183 L. Ed. 2d. 407 (2012).

[12] *In re Interest of Tyrone K., ante* p. 193, ___ N.W.2d ___ (2016).

create the right to an interlocutory appeal, but did not do so in this case.[13] As such, we conclude that in accordance with our reasoning in *In re Interest of Tyrone K.*, the deletion of the language expressly stating that the denial of such a transfer was not a final, appealable order does not lead to the conclusion that this appeal is now final.

Nor do we find *Miller* applicable here. *Miller* explicitly noted that adults and children were constitutionally "different from adults for purposes of sentencing."[14] This case deals not with sentencing, but with a transfer from adult court to a juvenile court. Moreover, we are concerned here only with determining whether the order denying such a transfer is appealable and are not yet concerned with whether that decision was correct on its merits.

We find that no substantial right is affected by the denial of a motion to transfer. Relevant to this conclusion is this court's decision in *State v. Meese*.[15] In *Meese*, we concluded that the "right to be tried as a juvenile is not constitutionally guaranteed."[16] Moreover, we have often reviewed cases where the denial of a motion to transfer in an appeal is filed after final judgment. While those appeals, of course, predated the change in the language of § 29-1816, the fact remains that those appeals show the issue can be effectively reviewed after final judgment.

The district court's denial of the motion to transfer is not a final, appealable order, and we dismiss Bluett's appeal.

## CONCLUSION

We dismiss Bluett's appeal for lack of a final order.

APPEAL DISMISSED.

---

[13] *Id.* at 202, ___ N.W.2d at ___.

[14] *Miller, supra* note 11, 132 S. Ct. at 2464.

[15] *State v. Meese*, 257 Neb. 486, 599 N.W.2d 192 (1999).

[16] *Id.* at 495, 599 N.W.2d at 199.