Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
02/22/2019 08:07 AM CST

STATE OF NEBRASKA, APPELLEE, V. JOSHUA UHING, APPELLANT.
___ N.W.2d ___

Filed November 30, 2018.    No. S-18-375.

1. **Jurisdiction.** A question of jurisdiction is a question of law.
2. **Statutes.** Statutory interpretation presents a question of law.
3. **Judgments: Appeal and Error.** Appellate courts independently review
   questions of law decided by a lower court.
4. **Jurisdiction: Appeal and Error.** Before reaching the legal issues pre-
   sented for review, it is the power and duty of an appellate court to deter-
   mine whether it has jurisdiction over the matter before it, irrespective of
   whether the issue is raised by the parties.
5. **Appeal and Error.** Appellate courts do not generally consider argu-
   ments and theories raised for the first time on appeal.
6. **Legislature: Courts: Time: Appeal and Error.** When the Legislature
   fixes the time for taking an appeal, the courts have no power to extend
   the time directly or indirectly.

Appeal from the District Court for Douglas County: PETER
C. BATAILLON, Judge. Appeal dismissed.

Thomas C. Riley, Douglas County Public Defender, Jeanine
Tlustos, and Lori A. Hoetger for appellant.

Douglas J. Peterson, Attorney General, and Siobhan E.
Duffy for appellee.

HEAVICAN, C.J., MILLER-LERMAN, CASSEL, STACY, FUNKE,
PAPIK, and FREUDENBERG, JJ.

FUNKE, J.
Joshua Uhing appeals the district court's order overrul-
ing his motion to reconsider the denial of his motion to

transfer to juvenile court under Neb. Rev. Stat. § 29-1816 (Supp. 2017). For the reasons set forth herein, we dismiss the appeal for lack of jurisdiction as untimely under § 29-1816(2) and (3)(c).

## BACKGROUND

Uhing was charged in the district court with two counts of sexual assault in the first degree, Class II felonies, and one count of incest with a victim age 17 or under, a Class IIA felony. The alleged victims were Uhing's sisters. Uhing was born in April 2000 and, on the date the charges were filed, was 17 years old.

In October 2017, within 30 days of being charged, Uhing filed a motion to transfer to juvenile court. On December 15, the court overruled Uhing's motion to transfer. The court's order noted the significance of the charges, Uhing's age, the likelihood of Uhing's need for long-term treatment if found guilty, the short amount of time Uhing had before reaching majority, concern for public safety, and the lack of ability of the juvenile court to provide Uhing meaningful benefit. The district court thus retained Uhing's felony charges in adult criminal court, and Uhing did not appeal this order.

On February 8, 2018, Uhing filed a motion captioned "Motion to Reconsider Denial of Defendant's Motion to Transfer to Juvenile Court." The motion did not cite the specific statutory or legal authority that provided a basis for the motion. Uhing alleged that in the time since the order was issued, he underwent an evaluation that recommended offense-specific treatment and he was accepted into a youth psychosexual center which believed Uhing could complete treatment prior to his 19th birthday. Uhing claimed that this information was unavailable prior to the hearing on the motion to transfer and that in the interest of justice, he should be allowed to present evidence of these factual allegations for consideration.

After a hearing on Uhing's motion to reconsider, the court entered an order on March 19, 2018, overruling the motion. The court's order stated:

[Uhing] has been abused since he has been at least ten years old and is alleged to have been involved in sexual abuse of his sisters for some time. [Uhing] has significant issues of abuse and neglect, family relationship/ abandonment, mood, depression, sexual/mental health, and substance abuse. The program[] as set forth in the additional evidence is under optimal conditions and it does not address the need or length of the aftercare programs after the nine month to twelve-month treatment.

Based upon this additional evidence and the evidence offered at the initial hearing on December 8, 2017, this Court is still concerned that thirteen and a half months is not adequate time to resolve [Uhing's] significant and multiple issues. As such, . . . in consideration of all the evidence, and the requirements pursuant to *Neb. Rev. Stat*. § 43-276, this Court still has great concern for public safety and the ability of a Juvenile Court to provide long term meaningful benefit to [Uhing] in the thirteen months that is remaining until his nineteenth birthday.

On April 9, 2018, Uhing appealed the order overruling his motion to reconsider. Uhing's notice of appeal stated: "This appeal stems from the Order overruling the Motion to Reconsider. Said Order is dated March 19, 2018 and this appeal is filed pursuant to LB11 which went into effect March 29, 2017." Uhing asserts this court has jurisdiction to consider the district court's order on the motion to reconsider, because the underlying order on the motion to transfer was a final, appealable order.

The State, in turn, argues this court lacks jurisdiction of the motion to reconsider, because the motion is not a final, appealable order. The State asserts that a rule which treats as a final, appealable order any order overruling a motion to reconsider an order on a motion to transfer is overly broad and would undermine appellate deadlines. We granted a petition to bypass submitted by the State.

## ASSIGNMENTS OF ERROR

Uhing assigns, restated, that the district court abused its discretion in overruling his motion to reconsider the court's denial of his motion to transfer to juvenile court, because the State failed to meet its burden to show a sound basis for retaining Uhing's case in district court.

## STANDARD OF REVIEW

[1-3] A question of jurisdiction is a question of law.[1] Statutory interpretation presents a question of law.[2] Appellate courts independently review questions of law decided by a lower court.[3]

## ANALYSIS

[4] Before reaching the legal issues presented for review, it is the power and duty of an appellate court to determine whether it has jurisdiction over the matter before it, irrespective of whether the issue is raised by the parties.[4]

[5] Uhing argues that the denial of a motion to reconsider is a final, appealable order.[5] In support of this argument, Uhing contends, for the first time on appeal, that his motion to_reconsider was brought under Neb. Rev. Stat. § 25-2001 (Reissue 2016). However, there is nothing in the record indicating Uhing ever presented this theory to the district court. Appellate courts do not generally consider arguments and theories raised for the first time on appeal.[6]

---

[1] *Clarke v. First Nat. Bank of Omaha*, 296 Neb. 632, 895 N.W.2d 284 (2017).

[2] *Id.*

[3] *Id.*

[4] *Id.*

[5] See *Capitol Construction v. Skinner*, 279 Neb. 419, 778 N.W.2d 721 (2010).

[6] *State ex rel. Rhiley v. Nebraska State Patrol, ante* p. 241, 917 N.W.2d 903 (2018).

Section 29-1816(2) provides alleged juvenile offenders the ability to move for a transfer of their case from a county or district court to a juvenile court. This motion must be made within 30 days after arraignment "unless otherwise permitted by the court for good cause shown."[7] Uhing apparently chose not to attempt to make this showing of good cause and, thus, is left only with taking an appeal.

Section 29-1816(3)(c) provides the procedure for appealing an order on a motion to transfer and states:

> An order granting or denying transfer of the case from county or district court to juvenile court shall be considered a final order for the purposes of appeal. Upon entry of an order, any party may appeal to the Court of Appeals within ten days. Such review shall be advanced on the court docket without an extension of time granted to any party except upon a showing of exceptional cause. Appeals shall be submitted, assigned, and scheduled for oral argument as soon as the appellee's brief is due to be filed. The Court of Appeals shall conduct its review in an expedited manner and shall render the judgment and opinion, if any, as speedily as possible.

Summarized, subsections (2) and (3)(c) of § 29-1816 provide that an alleged juvenile offender can move for transfer to juvenile court within 30 days of the juvenile's arraignment and that either the juvenile or the State can appeal an order on the motion within 10 days of its entry. This procedure is in contrast to the typical appeal process in which a party has 30 days from the entry of a judgment or final order to appeal the decision of a district court unless a party has filed a timely terminating motion.[8]

In previous appeals of a denial of a motion to transfer to juvenile court, we have held that a trial court's denial of the

---

[7] § 29-1816(2).

[8] See Neb. Rev. Stat. § 25-1912 (Supp. 2017).

motion was not a final, appealable order.[9] In response to our decision in *State v. Bluett*,[10] the Nebraska Legislature amended § 29-1816 to include the language that "[a]n order granting or denying transfer of the case from county or district court to juvenile court shall be considered a final order for the purposes of appeal" and to impose the 10-day limitation of the time to file the appeal. The Legislature, however, did not include language that filing a motion to reconsider would terminate the appeal period.

Here, Uhing filed the underlying motion to transfer within 30 days of his arraignment. However, he failed to appeal the order denying this motion within the 10 days required by § 29-1816(3)(c). Therefore, we lack jurisdiction to consider any subsequent appeal of the order on Uhing's motion to transfer.

[6] Uhing's motion for reconsideration does not cure this jurisdictional deficiency. Allowing the appeal of Uhing's motion to reconsider would have the effect of extending the time for filing the original appeal. But when the Legislature fixes the time for taking an appeal, the courts have no power to extend the time directly or indirectly.[11] Because the motion to reconsider did not extend the time for appeal, which had run 10 days after the transfer motion was denied, we lack jurisdiction to consider this appeal.

## CONCLUSION

For the reasons stated above, we dismiss the appeal for lack of jurisdiction.

APPEAL DISMISSED.

---

[9] See *State v. Bluett*, 295 Neb. 369, 889 N.W.2d 83 (2016).

[10] *Id.*

[11] *State v. Lotter, ante* p. 125, 917 N.W.2d 850 (2018).