IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. LAM

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

DAK LAM, APPELLANT.

Filed December 18, 2018.    No. A-18-811.

Appeal from the District Court for Douglas County: LEIGH ANN RETELSDORF, Judge. Affirmed.

Alton E. Mitchell, of Alton E. Mitchell Attorney at Law, L.L.C., for appellant.

Douglas J. Peterson, Attorney General, and Siobhan E. Duffy for appellee.

PIRTLE, RIEDMANN, and WELCH, Judges.

RIEDMANN, Judge.

## INTRODUCTION

This is a juvenile transfer case in which the appellant, Dak Lam, age 16, was denied transfer to the juvenile court by the district court for Douglas County. For the reasons set forth below, we affirm.

## BACKGROUND

On May 17, 2018, Lam was driving a vehicle with two other passengers. Lam stopped the vehicle outside of a residence and one of the passengers exited the vehicle and fired shots at the residence and at an empty vehicle. Following an investigation into the shooting, including a search of Lam's bedroom at his parent's residence during which law enforcement officers discovered a firearm, Lam was arrested. He was charged with two counts of being an accessory to a felony,

- 1 -

each of which is a Class IIA felony. Specifically, count I related to the discharge of a firearm at a house and count II related to the use of a gun to commit a felony. Lam filed a motion to transfer the case to the juvenile court.

At the transfer hearing, the court accepted evidence regarding the present offense, as well as evidence of Lam's prior adjudication in juvenile court. In August 2015, when Lam was 13 years old, he was arrested for making terroristic threats, theft by unlawful taking, and unlawful transportation of firearms, resulting from a theft at a gas station during which he brandished a pellet gun. Lam was adjudicated for unlawful transportation of firearms and the other two charges were dismissed. Following his adjudication, Lam was ordered to participate in a gang intervention program and placed at Youth Links, a secured placement. Less than a week later, Lam had damaged property at Youth Links. He was subsequently adjudicated on a charge of criminal destruction of property, less than $200. He was ordered to be placed at home to comply with the Home on Monitoring Equipment Program.

After only 1 month at home, the juvenile court determined that although reasonable efforts had been made to allow Lam to remain at home, these efforts failed and detention was necessary. This decision was based in part upon Lam's assault on a teacher which resulted in his suspension from school. Lam was placed at Epworth Village, where he remained until his satisfactory release in September 2016.

The evidence further revealed that the present incident arose because Lam and his 18-year-old companion had a disagreement with rival gang members. Despite his prior participation in a gang intervention program, Lam continued his involvement as a gang member. Additionally, law enforcement recovered a .38-caliber revolver in Lam's bedroom while executing a search warrant.

After analyzing the applicable statutory factors contained in Neb. Rev. Stat. § 43-276(1) (Reissue 2016), the district court denied the motion to transfer. Lam timely appeals.

ASSIGNMENT OF ERROR

Lam assigns that the district court erred in denying his motion to transfer because the court did not have a sound basis for retaining jurisdiction.

STANDARD OF REVIEW

A trial court's denial of a motion to transfer a pending criminal proceeding to the juvenile court is reviewed for an abuse of discretion. *State v. Bluett*, 295 Neb. 369, 889 N.W.2d 83 (2016). An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Id.*

ANALYSIS

Lam argues that because he had just turned 16 years old the month before this incident that there is adequate time for rehabilitation through the juvenile court. He claims that because he successfully completed court ordered services in the past, he is amenable to such treatment. He asserts that the instant case should not be considered violent and highly aggressive because Lam was not the shooter and it involved only property damage. Therefore, he concludes that "the

practical and not problematic rehabilitation of [Lam] outweighs any concerns for public security and protection." Brief for appellant at 4. We disagree.

Neb. Rev. Stat. § 43-246.01(3) (Reissue 2016) grants concurrent jurisdiction to the juvenile court and the county or district courts over juvenile offenders who (1) are 11 years of age or older and commit a traffic offense that is not a felony or (2) are 14 years of age or older and commit a Class I, IA, IB, IC, ID, II, or IIA felony. Actions against these juveniles may be initiated either in juvenile court or in the county or district court. In the present case, all of the allegations against Lam put him within this category of juvenile offenders.

When an alleged offense is one over which both the juvenile court and the criminal court can exercise jurisdiction, a party can move to transfer the matter. For matters initiated in criminal court, a party can move to transfer it to juvenile court pursuant to Neb. Rev. Stat. § 29-1816(3) (Reissue 2016).

In the instant case, when Lam moved to transfer his case to juvenile court, the district court conducted a hearing pursuant to § 29-1816(3)(a), which subsection requires consideration of the factors set forth in Neb. Rev. Stat. § 43-276(1) (Reissue 2016), which factors are:

> (a) The type of treatment such juvenile would most likely be amenable to; (b) whether there is evidence that the alleged offense included violence; (c) the motivation for the commission of the offense; (d) the age of the juvenile and the ages and circumstances of any others involved in the offense; (e) the previous history of the juvenile, including whether he or she had been convicted of any previous offenses or adjudicated in juvenile court; (f) the best interests of the juvenile; (g) consideration of public safety; (h) consideration of the juvenile's ability to appreciate the nature and seriousness of his or her conduct; (i) whether the best interests of the juvenile and the security of the public may require that the juvenile continue in secure detention or under supervision for a period extending beyond his or her minority and, if so, the available alternatives best suited to this purpose; (j) whether the victim agrees to participate in mediation; (k) whether there is a juvenile pretrial diversion program established pursuant to sections 43-260.02 to 43-260.07; (l) whether the juvenile has been convicted of or has acknowledged unauthorized use or possession of a firearm; (m) whether a juvenile court order has been issued for the juvenile pursuant to section 43-2,106.03; (n) whether the juvenile is a criminal street gang member; and (o) such other matters as the parties deem relevant to aid in the decision.

As the Nebraska Supreme Court has explained, in conducting a hearing on a motion to transfer a pending criminal case to juvenile court, the court should employ "a balancing test by which public protection and societal security are weighed against the practical and nonproblematical rehabilitation of the juvenile." *State v. Stevens*, 290 Neb. 460, 465, 860 N.W.2d 717, 725 (2015). "In order to retain the proceedings, the court need not resolve every factor against the juvenile, and there are no weighted factors and no prescribed method by which more or less weight is assigned to a specific factor." *Id.* "The burden of proving a sound basis for retention lies with the State." *Id.*

In its order, the district court analyzed the applicable statutory factors contained in § 43-276(1) and concluded that it should retain jurisdiction over Lam in this matter. The court highlighted the fact that Lam had previous law enforcement contacts beginning at age 13. It noted he received services from the juvenile court for over a year between 2015 and 2016 but that Lam did not follow the terms of his placement at home, and required out of home placement due to his violation of the electronic monitoring rules and his assault on a teacher. The court also noted that Lam was 16 years old at the time of his alleged crime and was in the company of two 18-year-olds.

Additionally, the court noted that Lam has continued gang affiliation and has escalated his violent behavior, as evidenced by the violent nature of the present offense, which appeared to be motivated by a gang argument. The court further emphasized that Lam has some evidence of a pattern of unlawful possession and use of weapons. The court concluded by stating:

> In considering the length and nature of out of home placement services provided to [Lam] while he was under the juvenile court jurisdiction, and the nature of the crime charged, the Court finds that it is likely that the best interests of the juvenile and the security of the public require the juvenile will need to continue in secure detention or under supervision for a period extending beyond two and a half years, the period of his remaining minority

We find no abuse of discretion in the court's decision. The fact that no one was injured is merely fortuitous; the fact remains that Lam stopped the vehicle he was driving so his companion could shoot at a car and occupied house because of an argument between them and rival gang members. He then drove them away from the scene of the shooting. Lam has had prior encounters with the law resulting in prior adjudications. Although he ultimately completed the required services, he continues to be gang affiliated and engage in unlawful conduct. He continues to own a gun. When weighing public protection and societal security against the practical and nonproblematical rehabilitation of Lam, we find a sound basis in the district court's decision to retain jurisdiction.

## CONCLUSION

Finding no abuse of discretion in the district court's denial of Lam's motion to transfer, we affirm.

AFFIRMED.

- 4 -