Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
02/14/2025 09:12 AM CST

In re Estate of Raymond A. Guenther, Jr., deceased.
Damon Bechtold, Personal Representative of
the Estate of Raymond A. Guenther, Jr.,
deceased, appellant, v. Raymond
A. Guenther, Sr., appellee.

___ N.W.3d ___

Filed February 14, 2025.    No. S-23-848.

1. **Judgments: Jurisdiction.** Jurisdictional questions that do not involve a factual dispute present questions of law.
2. **Judgments: Appeal and Error.** An appellate court reviews questions of law independently of the lower court's conclusion.
3. **Decedents' Estates: Fees: Final Orders: Appeal and Error.** When a probate court enters an order pursuant to Neb. Rev. Stat. § 30-24,115 (Reissue 2016) that approves a final accounting and directs or approves distribution of the estate, without expressly reserving the issue of the personal representative's entitlement to fees, such order is a final, appealable order as to the personal representative's entitlement to fees.

Appeal from the County Court for Douglas County, Craig Q. McDermott, Judge. Appeal dismissed.

Justin A. Quinn for appellant.

Gabreal M. Belcastro, John M. Lingelbach, and Nicholas W. O'Brien, of Koley Jessen, P.C., L.L.O., for appellee.

Funke, C.J., Cassel, Stacy, Papik, and Freudenberg, JJ.

Papik, J.
Damon Bechtold served as the personal representative of an estate. At his request, the county court entered an order of

complete settlement in which it approved a final accounting and directed that the assets of the estate be distributed to the sole heir. Several months later, Bechtold filed a motion seeking fees for his services. The county court denied the motion for fees on the grounds that the earlier order of complete settlement was a final order from which Bechtold did not file a timely appeal. Bechtold now appeals the county court's order denying his motion for fees. We find that we lack jurisdiction and therefore dismiss the appeal.

## BACKGROUND

*Order of Complete Settlement.*

In May 2021, the county court appointed Bechtold to serve as the personal representative of the estate of Raymond A. Guenther, Jr. (Guenther Jr.), who had died intestate. There is no dispute that Guenther Jr.'s father, Raymond A. Guenther, Sr. (Guenther Sr.), was the sole heir.

In September 2022, Bechtold filed a petition for complete settlement of the estate. Petitions for complete settlement are authorized by Neb. Rev. Stat. § 30-24,115 (Reissue 2016). That statute authorizes the probate court, after providing appropriate notice, to "enter an order or orders, on appropriate conditions, determining the persons entitled to distribution of the estate and, as circumstances require, approving settlement and directing or approving distribution of the estate and discharging the personal representative from further claim or demand of any interested person." § 30-24,115(a).

In the petition, Bechtold asserted that he had "collected and managed the assets of the estate," "paid all lawful claims against the estate," and "performed all other acts as required by the laws of the State of Nebraska pertaining to [the] estate of [Guenther Jr.]" Bechtold also stated in the petition that "all claims have been paid" and that "there are no contingent, unliquidated or future claims against the estate."

Bechtold's petition "request[ed] the Court to approve the final settlement and direct that the distribution of the remaining assets of the estate be made to [Guenther Sr.]"

in accordance with an attached "Schedule of Distribution," which listed Guenther Sr. as the only distributee. The schedule of distribution set forth a list of "Personal or Real Property Distributed in Kind," which included (with dollar amounts for each item) street addresses of real property and descriptions of various items of personal property such as "Tools/Materials," "Furniture and Appliances," and "Guns, various types." The final item listed was "All Remaining Cash," though no dollar amount accompanied it.

Bechtold's petition for complete settlement also referred to a "Final Accounting," which had been filed with the county court. On the same date the county court entered an order of complete settlement—which is detailed below—Bechtold filed a document titled "Amended Final Accounting." That document listed the assets, receipts, expenses, and distributions of the estate. The expenses summarized included funeral expenses, attorney fees, and inheritance taxes. Personal representative fees were not listed as an expense of the estate. The amended final accounting indicated that nearly $800,000 had already been distributed to Guenther Sr. and that just over $40,000 remained as the "balance on hand."

On October 12, 2022, the county court entered a formal order of complete settlement. The order of complete settlement provided that Bechtold had "paid all lawful claims against the estate and performed all other acts required by the laws of the State of Nebraska pertaining to the estate of [Guenther Jr.]"

The county court went on to state in the order of complete settlement that "[t]he Final Accounting of the Personal Representative is hereby allowed and approved as filed herein." The county court also stated in the order that it "approved and ratified" the "[d]istributions previously made by the Personal Representative and reported on the Final Accounting and Schedule of Distribution," with "[r]eceipts to be filed herein." The county court directed Bechtold to "deliver and distribute title and possession of the assets of the estate to [Guenther Sr.]" in accordance with the schedule of distribution. The

order of complete settlement did not include language discharging Bechtold as personal representative.

No party filed an appeal within 30 days of the order of complete settlement.

*Motion for Fees.*

On February 20, 2023—over 4 months after the entry of the order of complete settlement—Bechtold filed a motion asking the county court to direct that he be paid fees for his services as personal representative. The motion requested a total of $95,445 in fees based on the number of hours Bechtold claimed to have spent serving as the personal representative. In the motion, Bechtold asked the county court, among other things, to direct that Bechtold "amend the Final Accounting to reflect the additional expense."

Bing Chen, an individual then serving as Guenther Sr.'s agent under a power of attorney, objected to the motion. Chen argued that Bechtold was not entitled to any fees because he failed to file a timely appeal challenging the order of complete settlement. Chen also claimed the fee amount was excessive and the estate lacked sufficient funds to pay it.

At a hearing on the motion for fees, Bechtold testified that his work relating to the estate included "pretty much everything [and] anything needed for the properties" and "the estate as a whole," which "ranged from property manager, general contractor, landlord," "accountant," and "[s]killed tradesman." He noted that there were seven rental properties in the estate when he became the personal representative.

The county court denied Bechtold's motion for fees via a written order. The county court concluded that the order of complete settlement was a final, appealable order that was neither vacated nor modified and from which Bechtold did not perfect a timely appeal.

Within 30 days of the county court's order denying Bechtold's motion for fees, Bechtold filed this appeal. After the appeal was filed, Guenther Sr. died, and Chen was appointed

to serve as special administrator of his estate. We moved the appeal to our docket.

## ASSIGNMENT OF ERROR

Bechtold assigns that the county court erred in denying his motion for personal representative fees.

## STANDARD OF REVIEW

[1,2] Jurisdictional questions that do not involve a factual dispute present questions of law. *In re Estate of Gsantner*, 288 Neb. 222, 846 N.W.2d 646 (2014). An appellate court reviews questions of law independently of the lower court's conclusion. *Herman v. Peter Tonn Enters., ante* p. 52, 13 N.W.3d 177 (2024).

## ANALYSIS

Bechtold argues on appeal that the county court erred by not awarding him fees for his services as personal representative. A personal representative's right to fees is established by Neb. Rev. Stat. § 30-2480 (Reissue 2016). It provides, in relevant part, as follows: "A personal representative is entitled to reasonable compensation for his services. . . . A personal representative also may renounce his right to all or any part of the compensation. A written renunciation of fee may be filed with the court." § 30-2480.

While Chen does not dispute that personal representatives are generally entitled to compensation for their services under § 30-2480, he argues that we lack appellate jurisdiction in this case and should dismiss this appeal without considering whether Bechtold was entitled to a fee. Because we must assure ourselves that we have jurisdiction before reaching the merits, we begin our analysis with the question of appellate jurisdiction. See *Becerra v. United Parcel Service*, 284 Neb. 414, 418, 822 N.W.2d 327, 332 (2012) ("[b]efore reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it").

Appellate review under the Nebraska Probate Code is governed by Neb. Rev. Stat. § 30-1601 (Cum. Supp. 2024), which states that in all matters arising under the code, "appeals may be taken to the Court of Appeals in the same manner as an appeal from district court to the Court of Appeals." This statute incorporates rules of appealability in civil matters, including Neb. Rev. Stat. §§ 25-1902 and 25-1912 (Cum. Supp. 2024). See *In re Hessler Living Trust*, 316 Neb. 600, 5 N.W.3d 723 (2024). Section 25-1902(1) identifies four types of final orders which may be appealed, one of which is an order that affects a substantial right made during a special proceeding. Section 25-1912(1) requires that a notice of appeal must be filed within 30 days after entry of a final order.

This court has previously analyzed whether an order awarding a personal representative a fee is a final, appealable order under § 25-1902. In *In re Estate of Gsantner*, 288 Neb. 222, 846 N.W.2d 646 (2014), a personal representative appealed a county court order awarding him a fee of $25,000. The county court entered the order awarding the fee following an evidentiary hearing on the issue of the personal representative's fees. On appeal, we determined that because the order affected a substantial right and was made during a special proceeding, it qualified as a final order. We explained that the order affected a substantial right because the personal representative was entitled to reasonable compensation under § 30-2480 and the order "finally determined [the personal representative's] claim for reasonable compensation." *In re Estate of Gsantner*, 288 Neb. at 228, 846 N.W.2d at 652. We contrasted the order awarding a fee of $25,000 with an earlier order in the same case awarding a partial fee, pointing out that there was no language in the later order indicating it was "subject to later revision or augmentation." *Id.*

Both parties in this case rely on *In re Estate of Gsantner* to support their respective positions regarding appellate jurisdiction. Chen, in his capacity as special administrator of Guenther Sr.'s estate, argues that the county court finally

resolved the issue of Bechtold's compensation in the order of complete settlement and that therefore, Bechtold's appeal is untimely. Bechtold, on the other hand, contends that the issue of his compensation was not resolved until the county court denied his subsequent motion for fees and that therefore, he appealed in time.

In our view, appellate jurisdiction in this case turns on the question of whether the order of complete settlement finally resolved the issue of Bechtold's compensation. On that question, we acknowledge that nothing in the order of complete settlement expressly referred to Bechtold's entitlement to fees for serving as personal representative. Chen argues, however, that the order of complete settlement nonetheless finally determined that Bechtold would not receive a personal representative fee.

Chen primarily argues that the county court resolved Bechtold's compensation in the order of complete settlement because it stated therein that Bechtold had "paid all lawful *claims* against the estate" (emphasis supplied). Chen points to the statutory definition of "claim" for purposes of the Nebraska Probate Code, particularly the fact that claim is defined to include "expenses of administration." See Neb. Rev. Stat. § 30-2209(4) (Reissue 2016). He argues that because personal representative fees are "expenses of administration," the county court's finding that Bechtold had "paid all lawful claims against the estate" was a determination that there were no personal representative fees that still needed to be paid.

Standing alone, the county court's finding that Bechtold had "paid all lawful claims against the estate" might not persuade us that the order of complete settlement determined that Bechtold would not receive a personal representative fee. Although the definition of "claims" may encompass personal representative fees, it is not clear to us that the county court was using the word "claims" according to its precise statutory definition in the order of complete settlement. Other aspects of the order of complete settlement, however, which we discuss

below, lead us to conclude that the order amounted to a final determination that Bechtold would not receive a personal representative fee.

First, in the order of complete settlement, the county court allowed and approved a final accounting. As discussed above, the amended final accounting, which Bechtold filed with the county court the day it entered the order of complete settlement, listed the estate's assets, receipts, expenses, completed distributions, and the remaining "balance on hand." In the portion of the amended final accounting listing expenses, several categories of expenses were listed, including attorney fees, but no mention was made of personal representative fees.

Second, the order of complete settlement directed Bechtold to "deliver and distribute title and possession of the assets of the estate to [Guenther Sr.]" in accordance with the schedule of distribution. The schedule of distribution listed Guenther Sr. as the sole distributee and listed a number of items of real and personal property to be distributed along with "[a]ll [r]emaining [c]ash."

Given the county court's approval of the final accounting and its direction regarding distribution, we understand the order of complete settlement to have finally determined the disposition of the assets of the estate. The accounting was labeled a "final accounting." It listed the assets of the estate, as well as the estate's expenses and the amounts that had already been distributed to Guenther Sr. In addition, we understand the county court's language regarding distribution to have directed that what remained as assets of the estate—after the identified expenses were paid—was to be distributed to Guenther Sr. Once this direction was implemented, there would be nothing left in the estate to pay Bechtold for his services as personal representative. And the final accounting, despite listing other expenses of the estate, said nothing about personal representative fees. Under these circumstances, we understand the order of complete settlement to have finally

determined the disposition of the assets of the estate without providing for a personal representative fee for Bechtold.

Bechtold resists the conclusion that the order of complete settlement finally resolved his entitlement to a personal representative fee. He points out that the order of complete settlement did not discharge him as personal representative and argues that a personal representative should be able to seek fees at any time prior to discharge. Bechtold apparently understands the order of complete settlement to have resolved the disposition of almost all the assets of the estate while leaving open the matter of his entitlement to fees pending an order discharging him as personal representative. We find that to be an illogical view of the order of complete settlement. We do not see why a "final accounting" that appeared to include an exhaustive listing of the estate's expenses would leave open the issue of personal representative fees. Neither can we grasp why the order of complete settlement would direct that the assets of the estate be distributed to Guenther Sr. if Bechtold still needed to be paid a personal representative fee out of the assets of the estate. And while the order of complete settlement and related documents did not provide for a personal representative fee, despite § 30-2480 granting a personal representative the right to such a fee, § 30-2480 also allows a personal representative to "renounce his right to all or any part of the compensation."

[3] Accordingly, we hold that when, as here, a probate court enters an order pursuant to § 30-24,115 that approves a final accounting and "direct[s] or approv[es] distribution of the estate," without expressly reserving the issue of the personal representative's entitlement to fees, such order is a final, appealable order as to the personal representative's entitlement to fees. Bechtold's failure to perfect a timely appeal of that order clearly precludes us from reviewing the order of complete settlement. We must decide, however, whether his failure to appeal the order of complete settlement also

precludes appellate review of the county court's denial of his subsequent motion for fees.

On this question, we find guidance in our decision in *State v. Uhing*, 301 Neb. 768, 919 N.W.2d 909 (2018). In that case, a minor who had been criminally charged with multiple felonies in district court filed a motion to transfer the case to juvenile court. The district court overruled the motion, and the defendant did not appeal within the 10-day deadline for initiating such appeals. See Neb. Rev. Stat. § 29-1816(3)(c) (Supp. 2017). Instead, almost 2 months after the motion to transfer was overruled, the defendant filed a motion to reconsider the order overruling his motion to transfer the case to juvenile court. The district court overruled the motion to reconsider, and then within the next 30 days, the defendant purported to appeal the order overruling his motion to reconsider.

We, however, dismissed the appeal in *Uhing* for lack of jurisdiction. We explained that because the defendant had failed to appeal the order denying his motion to transfer within the deadline set by statute, we lacked jurisdiction to review that order. We also concluded that we lacked jurisdiction to review the denial of the motion for reconsideration. With respect to that order, we said that allowing an appeal "would have the effect of extending the time for filing the original appeal," contrary to our recognition of the fact that "when the Legislature fixes the time for taking an appeal, the courts have no power to extend the time directly or indirectly." *Uhing*, 301 Neb. at 773, 919 N.W.2d at 913. We declined to consider the defendant's argument that the denial of the motion to reconsider was appealable because the motion was, in effect, a motion to vacate or modify an earlier order brought under Neb. Rev. Stat. § 25-2001 (Reissue 2016). We did not consider that argument on the grounds that the defendant did not present it in the district court.

Applying our decision in *Uhing* to this case, we conclude that we lack jurisdiction to review the order denying Bechtold's motion for fees. Bechtold did not file a timely

appeal of the order of complete settlement, which determined the disposition of the estate's assets without including a personal representative fee. As in *Uhing*, permitting review of Bechtold's subsequent motion for fees would have the effect of impermissibly extending the time for filing an appeal of that final order. Further, similar to the defendant in *Uhing*, Bechtold made no argument either in the county court or on appeal that the order denying his motion for fees was appealable because his motion was, in substance, a motion to vacate or modify brought under Neb. Rev. Stat. § 25-2720.01 (Reissue 2016), a statute that provides that a county court has the power to "vacate or modify its own judgments or orders during or after the term at which such judgments or orders were made in the same manner as provided for actions filed in the district court." Accordingly, we do not consider whether we would have jurisdiction to review the denial of such a motion.

Because we conclude that we lack jurisdiction, we dismiss the appeal.

CONCLUSION

For the reasons stated above, we dismiss the appeal for lack of jurisdiction.

Appeal dismissed.

Miller-Lerman, J., not participating.