MOORE AND COZINE, PLAINTIFFS IN ERROR, v. N. HERRON, SHERIFF, DEFENDANT IN ERROR.

1. County Court: CONTINUANCE: LEGAL HOLIDAY. Where an action of replevin in the county court was continued by agreement to the 22d of April—a legal holiday, *Held*, That an order made on that day continuing the case to the May term was a nullity; but that the statute in relation to such courts continued the cause, it being after the third Monday of the month.

2. Replevin: TRIAL: BURDEN OF PROOF. Where property is taken from the defendant and delivered to the plaintiff in an action of replevin, the defendant is not thereby divested of his title to the property. The burden of proof is on the plaintiff to establish on the trial his right to the possession.

3. ———: ———: RIGHT OF POSSESSION. Where property has been taken under a writ of replevin, either party may have the right to the possession determined, and a dismissal of the action by the other will not deprive him of that right.

4. ———: FINAL JUDGMENT. It is the final judgment that determines the rights of the parties and not the mere delivery of the property under the writ.

5. ———: DISMISSAL OF ACTION BY PLAINTIFF. Where before trial the plaintiff dismisses the action, the defendant has a right to proceed with the trial and have the question of the right of possession of the property determined; but not if the action is dismissed unconditionally on the motion of the defendant. Qualified dismissal, with proof of right of possession in defendant, *Held*, After judgment, error without prejudice. Where the plaintiff in replevin has given an undertaking as required by law to duly prosecute the action and pay all costs and damages awarded against him, etc., he cannot in addition be required to give other security for costs.

ERROR to the district court for Gage county. Tried below before BROADY, J.

*Hardy & McCandless*, for plaintiffs in error.

*T. D. Cobbey*, for defendant in error.

MAXWELL, J.

This is an action of replevin brought in the county court of Gage county to recover " certain cattle." Summons was issued to the coroner, returnable March 7, 1885, at one o'clock P.M. The property in controversy was taken under the writ and delivered to the plaintiffs upon their giving a sufficient undertaking. As the value of the property exceeded $200, the cause was continued to the regular term on the 6th day of April, 1885, at which time it was again continued till the 15th of April. On the 6th of April, the defendant filed a motion for security for costs because the plaintiffs were non-residents. On the 15th of April the cause was continued by agreement till the 22d of that month, and a jury waived in open court. The motion to give security for costs was sustained, and the plaintiffs required to give the same by the 22d inst., or the cause stand dismissed. The 22d of that month being " Arbor Day," and a legal holiday, the cause was continued till the May term of the court, commencing May 4th. On May 4th the plaintiffs filed the following paper in said court:

" The plaintiffs, appearing solely and specially for that purpose, and none other, here challenge the jurisdiction of the court to proceed further in this action, and allege the following grounds for such challenge, viz.:

" 1st. On, to-wit, April 15th, the court continued this case for trial to and set the same for trial on the 22d day of April, 1885, at 10 A.M. of that day, which said day was a legal holiday, whereby the court lost jurisdiction of said action.

"2d. That prior to April 15th, 1885, the defendant filed a motion in this court in this case for an order requiring the plaintiffs to give security for costs in this action on the grounds that they were non-residents of this state and county, a copy of which said motion is hereto attached, marked exhibit 'A,' and made part hereof, and that on, to-wit, April 15th, 1885, the court sustained said motion, and required the plaintiffs to give security for costs, and made the following order and entry in the court's docket of the proceedings of the case. "April 15th, 1885, cause continued until April 22d, 1885, at 10 A.M., by agreement of parties, and jury waived by parties in open court; motion to give securities for costs sustained, and plaintiffs given until April 22d, at 10 A.M., to give security for costs, or case stand dismissed." That plaintiffs were unable to give, and failed and neglected to give, security for costs as required by said order, and that under said order and by operation of law said cause stood dismissed on said 22d day of April, and the court thereby lost jurisdiction to proceed therein.

"3d. There is no cause now pending in this court between these plaintiffs and the defendant.

"4th. The court had no power or authority on the 22d day of April, 1885, to continue this cause to May 4th, 1885, on its own motion, as appears from the record that he did.

"5th. The orders of this court, as appears from the record of this case, made at defendant's request, have worked a dismissal of the case, and thereunder the case now stands dismissed out of court, and the court has no jurisdiction to proceed further therein.

"6th. For all the reasons aforesaid, the plaintiffs now challenge and deny the right of the court to proceed further in the case."

The application was overruled, and the plaintiffs made no further appearance. The case was set down for trial

on the 5th of May, 1885.   On that day the defendant appeared and filed a motion to dismiss the action, because the plaintiffs have failed to give security for costs as ordered and have failed to prosecute the action, and that the defendant " be allowed to prove the value of the property and damages."   The motion was sustained, and the defendant allowed to prove his damages.   Evidence was thereupon introduced, and the court found the value of the property to be the sum of $319.16, and damages $5, and rendered judgment against the plaintiffs for a return of the property or its value.   The case was taken on error to the district court, where the judgment of the county court was affirmed.

A great deal of stress is laid upon the adjournment to the 22d of April, 1885, it being a legal holiday.   An examination of the statute, however, shows that it is a legal holiday only so far " as regards the presenting for payment or acceptance, and the protesting and giving notice of the dishonor of bills of exchange, bank checks, or promissory notes made after the passage of this act."   Comp. Stat., Ch. 41, § 8.   The apparent object of the act was to enable all persons so desiring to devote the day to setting out trees, etc.   Sec. 38 of chapter 19 of the Comp. Stat., 55, entitled courts, however, provides that " no court can be opened on Sunday, nor can any judicial business be transacted on Sunday or on any legal holiday, except," etc. There was no authority, therefore, to order an adjournment on that day, and the order was a nullity.   The court, however, would not thereby lose jurisdiction, as all business undisposed of would be continued until the next term. At the next (May) term the plaintiffs, who had obtained the property under the order of replevin, and were then in possession, objected to the right of the court to proceed and determine the rights of the parties.   These objections certainly were made under a misapprehension of the nature of an action of replevin.

Delivery of the property to the plaintiff by virtue of an order of replevin, where a suitable undertaking is given, invests the plaintiff with the possession of the property, and, pending the suit, the defendant, though he be the owner, cannot disturb the plaintiff's possession. Such delivery, however, does not affect the question of ownership. It in no manner tends to prove title in the plaintiff. It is, but a temporary right which may be terminated by the plaintiff's discontinuance of the action or by judgment against the plaintiffs. Wells on Rep., § 474. *Bruner v. Dyball*, 42 Ill., 34. *Speer v. Skinner*, 35 Id., 282. *Lovett v. Burkhardt*, 44 Penn. St., 174.

Under our statute, Code Sec. 191*a*, requiring a return of the property if a return can be had, in case the judgment is for the defendant, the effect of taking property under the order is not to divest the defendant of his interest or title therein. This can only be done by a final judgment in favor of the plaintiff. In other words, the effect of taking the property from the defendant and delivering it to the plaintiff is simply to transfer to him the possession while the action is pending. The title to the property is not changed. Wells on Rep., § 476, and cases cited. To give the plaintiff the right to retain the property, he must prove such facts as will entitle him to judgment in his favor. It is the final judgment that determines the rights of the parties, not the mere delivery of the property under the writ. A plaintiff, therefore, who obtains possession of property under an order of replevin must establish his right to the same on the trial of the cause. He assumes the burden of proving that the possession of the defendant was *wrongful*. When, therefore, the plaintiff dismisses the action, the defendant is entitled to proceed and have the right to the property determined. The defendant's remedy upon the undertaking is not exclusive. He may maintain replevin or an action for the conversion of the property. *Bruner v. Dyball*, 42 Ill., 34. Upon the plain-

tiffs' theory of the case, therefore, the defendant was entitled to judgment.

The second motion to dismiss, however, was filed by the defendant. The first ground of the motion is the failure to give security for costs. No doubt an officer, before issuing or serving the writ, may demand his fees or require security to be given therefor; and this power will continue until an undertaking is given and approved. The condition of the undertaking required by statute is, that " the plaintiff shall duly prosecute the action and pay all costs and damages which may be awarded against him," etc. Such undertaking is security for the costs of the action, and after it is filed no other security need be given for that purpose. The object of the code is to simplify procedure, not to impose unnecessary onerous conditions upon either of the parties to the suit. As ample security for costs had already been given, the first point in the motion is not well taken.

2d. The failure to prosecute the action.

It is pretty clear that a motion to dismiss an action in replevin without a trial, where the property has been taken from the possession of the defendant and delivered to the plaintiff, is a practice not to be commended. If the plaintiff fails to prosecute, the court should permit the defendant to proceed with the trial on his part, and thereupon to render judgment according to the testimony. This was the course pursued in this case, and was covered by the last sentence in the defendant's motion. Liberally construed, the motion amounts to this: "That the defendant be allowed to prove the value of the property and damages," and that thereupon the plaintiff's action be dismissed. As this was in substance the course pursued, the order made in the case was error without prejudice. Where the plaintiff dismisses the case to avoid a trial, the court has power to retain the case and determine the questions of a return of the property and for damages. Wells on Rep., § 516, and cases cited. The plaintiffs, in effect, refused to appear at

the trial and establish their right to the property. They now, in effect, without any showing of right to the property or any sufficient cause for their neglect, ask the court to grant them relief. This we cannot do. So far as appears, they have no right to the property whatever, or, if so, they have lost the same through willful laches. There is no error in the record, and the judgment is affirmed.

JUDGMENT AFFIRMED.

. THE other judges concur.

---

## SAME V. SAME.

Constitutional Law. Under the constitution of 1875, a party may as a *right* have a cause reviewed either by appeal or on error in the court of last resort, and the legislature has no authority to impose a penalty of five per cent upon the affirmance of the judgment.

MOTION to correct judgments in preceding two cases.

*T. D. Cobbey*, for the motion.