JULIA C. VOSE V. JOHN MÜLLER.

FILED MAY 20, 1896. No. 6556.

Replevin: RIGHT OF PLAINTIFF TO DISMISS ACTION. In replevin, where the property has been taken under the writ and delivered to the plaintiff, he cannot dismiss the action and thereby prevent the defendant from having the right to the possession determined in that suit.

ERROR from the district court of Cedar county. Tried below before NORRIS, J.

*Wilbur F. Bryant,* for plaintiff in error.

*Barnes & Tyler, contra.*

NORVAL, J.

This is a suit in replevin to secure possession of "one red heifer, with scar on right hip, said heifer being about two and one-half years old." Before the final submission of the cause in the court below plaintiff filed a written dismissal, and the defendant having established that the heifer at the commencement of the action was of the value of $26, a finding to that effect was entered by the court, and that the defendant was entitled to a return of the animal; and a judgment was rendered in his favor in the alternative for such return or her value as aforesaid. Plaintiff has removed the cause into this court, alleging that there was error in entering judgment for the defendant after plaintiff had filed her dismissal of the case, and this is the only question presented for review.

Plaintiff insists that, after the filing of the dismissal, the court had no jurisdiction, and that defendant's sole remedy was to sue upon the bond. The right to dismiss is claimed under section 430 of the Civil Code, which provides: "An action may be dismissed without prejudice to a future action: First—By the plaintiff, before the final

submission of the case to the jury, or to the court, where the trial is by the court," etc. Doubtless, as a general rule, a plaintiff has the right under said provision to dismiss his own case before it has been submitted on the merits. But this rule does not obtain in actions of replevin. In such suits, after the delivery of the property to the plaintiff under the writ, as was done in the case before us, he cannot dismiss and thereby defeat the defendant of his right to the possession of the property, without trial. (*Aultman v. Reams*, 9 Neb., 487; *Moore v. Herron*, 17 Neb., 697; *Ahlman v. Meyer*, 19 Neb., 63; *Garber v. Palmer*, 47 Neb., 699.) Section 190 of the Code of Civil Procedure provides: "If the property has been delivered to the plaintiff, and judgment be rendered against him on demurrer, or if he otherwise fail to prosecute his action to final judgment, the court shall, on application of the defendant or his attorney, impanel a jury to inquire into the right of property and right of possession of the defendant to the property taken. If the jury shall be satisfied that said property was the property of the defendant at the commencement of the action, or if they shall find that the defendant was entitled to the possession only of the same at such time, then, and in either case, they shall assess such damages for the defendant as are right and proper, for which, with costs of suit, the court shall render judgment for the defendant." Section 191*a* provides: "The judgment in the cases mentioned in sections one hundred and ninety and one hundred and ninety-one * * * shall be for a return of the property or the value thereof in case return cannot be had, or the value of the possession of the same and for damages for withholding said property, and costs of suit." . The dismissal of an action by a plaintiff is manifestly a failure to prosecute the same to final judgment, within the meaning of said section 190, and in such case, if the possession of the property has been delivered to the plaintiff by virtue of the order of replevin, the defendant has the undoubted right, under said sections 190 and 191*a*, to have

his title and the right of possession of the property replevied adjudicated and determined in that action. The filing of a dismissal by the plaintiff in replevin will not oust the court of jurisdiction to retain the cause and render the proper judgment upon the proofs taken. (See authorities cited above.)

It is urged that no proof was offered as to the value of the property. In the absence of a bill of exceptions it must be presumed that there was not only sufficient evidence upon that, but every other issue in the case. The judgment is clearly right and it is accordingly

AFFIRMED.