C. E. RICE, APPELLANT, v. JOHN J. McGRATH, APPELLEE.

76 N. W. 2d 428

Filed April 20, 1956.   No. 33955.

*Dredla & Dredla, Van Pelt, Marti & O'Gara,* and *Bernard L. Packett,* for appellant.

*Philip F. Nestor, Jr.,* and *Ginsburg, Rosenberg & Ginsburg,* for appellee.

Heard before SIMMONS, C. J., MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

MESSMORE, J.

This is an action in replevin commenced in the county court of Johnson County by C. E. Rice, plaintiff, to recover possession of a certain polled Hereford bull, against John J. McGrath, defendant, for wrongfully detaining said bull in his possession, or for the value of the bull if the same was not returned, and for damages and costs expended by the plaintiff. The property was taken under the writ of replevin and delivered to the plaintiff. Issues were joined, the parties waived a jury, and the case was tried to the court. The court entered judgment that the plaintiff have possession of the polled Hereford bull, defendant to pay all costs of the action.

The defendant appealed to the district court and filed a transcript of the proceedings of the county court in the district court on September 10, 1954. There were proceedings had with reference to the appeal bond and a new appeal bond was furnished and approved by the clerk of the district court as ordered by the trial judge.

The defendant filed a motion for judgment on March 31, 1955. The motion requested the court to order returned to the defendant the polled Hereford bull, the subject matter of the action, and alleged that the plaintiff had failed to file a petition on appeal or to make any showing of cause which would warrant the court in ex-

tending or granting the plaintiff additional time within which to file his petition.

On April 6, 1955, the plaintiff filed an application setting forth the reasons why he did not file his petition within 50 days from the date of the rendition of the judgment in the county court, alleging that the plaintiff was a nonresident of Johnson County, a practicing physician and surgeon, and operating extensive livestock and farming operations, interested in other matters, difficult to contact, and could not be interviewed; that the plaintiff's lawyer was unable, by reason of extensive business commitments away from home, to give the matter attention; that he was sick during the time; that after the appeal was filed by the defendant, objection to the appeal bond filed by the defendant was made and the trial court ordered the defendant to file a new bond; that on December 13, 1954, pursuant to a motion made by defendant, the defendant was allowed to have access to the bull involved in this action and to inspect the animal; and that plaintiff's counsel was of the opinion that such trial would be had on the pleadings from the court below and that it was not necessary for the plaintiff in the court below to file a petition in the district court within 50 days of the rendition of the judgment or at any other time unless he desired to do so to supplement or amplify the allegations in the petition filed in the court below. The plaintiff tendered with this application his petition and asked leave to file the same forthwith.

On May 9, 1955, the trial court sustained the motion of the defendant for judgment, denied the application of the plaintiff for leave to file petition out of time, ordered the plaintiff to return the subject matter of this action to the defendant, and taxed the costs of the action against the plaintiff.

The plaintiff filed a motion for new trial. The motion for new trial was overruled, and the plaintiff appeals.

The principal question for determination is whether or not the trial court abused its judicial discretion in denying the application of the plaintiff for leave to file his petition out of time. In addition the plaintiff assigns as error that there was error in the proceedings, by which the plaintiff was prevented from having a fair trial.

In determining this appeal it is necessary to consider the following statutory provisions.

Section 24-544, R. R. S. 1943, provides in part: "* * * either party may appeal from the judgment of the county court, in the manner as provided by law in cases tried and determined by justices of the peace."

Section 27-1306, R. R. S. 1943, provides: "In all cases of appeal from the county court or a justice of the peace, the plaintiff in the court below shall, within fifty days from and after the date of the rendition of the judgment in the court below, file his petition as required in civil cases in the district court, and the answer shall be filed and issue joined as in cases commenced in such appellate court."

Section 27-1305, R. R. S. 1943, provides: "The plaintiff in the court below shall be the plaintiff in the district court; and the parties shall proceed, in all respects, in the same manner as though the action had been originally instituted in such court."

The judgment in the instant case was rendered in the county court on September 2, 1954. The 50-day period allotted the plaintiff by section 27-1306, R. R. S. 1943, after the date of the rendition of the judgment in the county court to file his petition as required in the district court, would expire on October 22, 1954. The plaintiff's application to file his petition in the district court was made on April 6, 1955, or 166 days from and after the time he was required to file said petition in the district court under the provisions of section 27-1306, R. R. S. 1943.

This brings us to the plaintiff's contention that the

trial court abused its judicial discretion in denying the plaintiff's application for leave to file his petition out of time. We have previously set forth the grounds on which the plaintiff claims he was prevented from filing his petition in time.

The term "discretion" denotes the absence of a hard and fast rule. When invoked as a guide to judicial action it means a sound discretion, that is to say, a discretion exercised not arbitrarily or willfully, but with regard to what is right and equitable under the circumstances and the law, and directed by the reason and conscience of the judge to a just result. See, Langnes v. Green, 282 U. S. 531, 51 S. Ct. 243, 75 L. Ed. 520; Pettegrew v. Pettegrew, 128 Neb. 783, 260 N. W. 287; First Trust Co. v. Thompson, 147 Neb. 366, 23 N. W. 2d 339.

As we review the application of the plaintiff for leave to file his petition out of time and the reasons set forth therein, we conclude that the trial court did not abuse its judicial discretion and the plaintiff's contention is without merit.

As to whether or not section 27-1306, R. R. S. 1943, applies to replevin actions, we conclude that it does.

In Scott v. Burrill, 44 Neb. 755, 62 N. W. 1093, what is now section 27-1307, R. R. S. 1943, which appears in the same article in the statutes under "Appeals" as section 27-1306, R. R. S. 1943, was under consideration. It was said: "The above rule applies to actions of replevin before a justice of the peace, as well as to all other civil causes determined in justice courts." The same thing would be true with reference to the county court where a replevin action is tried.

And as stated in 2 Fisher, Courts of Limited Jurisdiction, § 391, p. 720, referring to replevin actions: "The procedure for appeal is the same as in other civil cases." So, there is no distinction between an appeal in a replevin action and any other civil case from the justice court or the county court to the district court within the

contemplation of section 27-1306, R. R. S. 1943.

The trial court in its decree sustained the motion of the defendant for judgment, and did not nonsuit the plaintiff as contended for by him in his brief, but denied his application to file his petition out of time in a replevin action. We deem the following applicable in determining this appeal.

In Moore & Cozine v. Herron, 17 Neb. 697, 24 N. W. 425, it is said: "Where property has been taken under a writ of replevin, either party may have the right to the possession determined, and a dismissal of the action by the other will not deprive him of that right." It can safely be stated that the failure of the plaintiff to prosecute his action to final judgment can in no sense deprive the defendant of his right to have the possession of the property determined. See § 25-10,102, R. R. S. 1943. The court further said: "It is the final judgment that determines the rights of the parties and not the mere delivery of the property under the writ." In this connection, appeal having been taken by the defendant in the instant case, there is no final judgment that determines the rights of the parties. The court further stated: "If the plaintiff fails to prosecute, the court should permit the defendant to proceed with the trial on his part, and thereupon to render judgment according to the testimony."

As held in Garber v. Palmer, Blanchard & Co., 47 Neb. 699, 66 N. W. 656: "When a plaintiff in replevin who has obtained the property fails in his proof or fails to prosecute the action, the defendant is entitled to judgment, and to a trial of his right of property or possession, for the purpose of establishing his damages." In the opinion the court said: "In case the plaintiff, by failure of evidence, or by failure to prosecute his case, fails to establish such affirmative right in himself the defendant is entitled to the procedure accorded by section 190, not for the purpose of establishing his right, but for the purpose of assessing his damages."

We make reference to section 25-10,102, R. R. S. 1943, which provides as follows: "If the property has been delivered to the plaintiff, and judgment be rendered against him on demurrer, *or if he otherwise fail to prosecute his action to final judgment,* the court shall, on application of the defendant or his attorney, impanel a jury to inquire into the right of property and right of possession of the defendant to the property taken. If the jury shall be satisfied that said property was the property of the defendant at the commencement of the action, or if they shall find that the defendant was entitled to the possession only of the same at such time, then, and in either case, they shall assess such damages for the defendant as are right and proper; for which, with costs of suit, the court shall render judgment for the defendant." (Emphasis supplied.)

Section 25-10,103, R. R. S. 1943, provides: "In all cases, when the property has been delivered to the plaintiff, where the jury shall find upon issue joined for the defendant, they shall also find whether the defendant had the right of property or the right of possession only, at the commencement of the suit; and if they find either in his favor, they shall assess such damages as they think right and proper for the defendant; for which with costs of suit, the court shall render judgment for the defendant."

Section 25-10,104, R. R. S. 1943, provides in part: "The judgment in the cases mentioned in sections 25-10,102, 25-10,103 * * * shall be for a return of the property or the value thereof in case a return cannot be had, or the value of the possession of the same, and for damages for withholding said property and costs of suit."

The above sections of the statutes are applicable under the circumstances as presented on this appeal.

In Vose v. Muller, 48 Neb. 602, 67 N. W. 598, the court said: "The dismissal of an action by a plaintiff is manifestly a failure to prosecute the same to final judgment, within the meaning of said section 190, and in such

case, if the possession of the property has been delivered to the plaintiff by virtue of the order of replevin, the defendant has the undoubted right, under said sections 190 and 191a, to have his title and the right of possession of the property replevied adjudicated and determined in that action. The filing of a dismissal by the plaintiff in replevin will not oust the court of jurisdiction to retain the cause and render the proper judgment upon the proofs taken."

Sections 190, 191, and 191a mentioned in the foregoing-cited cases are contained in the Code of Civil Procedure and now are referred to as sections 25-10,102, 25-10,103, and 25-10,104, R. R. S. 1943.

In view of the foregoing authorities we affirm the trial court's judgment in denying the application of the plaintiff to file his petition out of time. We reverse the judgment of the trial court in ordering the return of the property to the defendant, and remand the cause with directions to proceed in conformity with this opinion.

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED WITH DIRECTIONS.

CARTER, J., participating on briefs.