ANOKA-BUTTE LUMBER COMPANY, A CORPORATION, APPELLEE AND CROSS-APPELLANT, V. MIKE MALERBI ET AL., APPELLANTS AND CROSS-APPELLEES.

142 N. W. 2d 314

Filed April 29, 1966. No. 36195.

James F. Brogan, for appellants.

Moyer & Moyer, for appellee.

Heard before CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ.

SPENCER, J.

This is an action by plaintiff, Anoka-Butte Lumber Company, to recover the cost of materials furnished to repair a portion of the roof of a building owned by the defendants, Mike Malerbi and Genola Malerbi, husband and wife. The action originated in the county court of Madison County, where it was tried to a jury. Defendants appealed to the district court from a judgment rendered against them for $81.09, interest, and costs. Jury was waived in the district court, and after a trial to the court, judgment was entered against the defendants in the amount of $81.09, interest, costs, and an attorney's fee of $26.20. Defendants have perfected an appeal to this court.

Defendants, who live in Madison, Nebraska, own a building known as the M and G Cafe in Butte, Nebraska. The material in question was purchased to repair the roof of a lean-to built up against the main building. The repair was under the direction of one Edwin R. Ell-

wanger, a carpenter at Butte, Nebraska. The materials were purchased from the plaintiff by Ellwanger. The amount of the bill, after allowing credit for the merchandise returned, was $81.09.

There is a substantial dispute between the defendants and Ellwanger as to the nature of the repair which was to be made. There is no dispute that the conversation which resulted in the repair took place in the cafe building at Butte, Nebraska. Mike Malerbi testified he asked Ellwanger if Ellwanger would get a strip of roofing paper and overlap it 8 or 10 times over the back end of the roof to keep snow from seeping in, and that nothing was said as to where Ellwanger was to secure the material. Mike Malerbi's testimony is corroborated by his wife.

Ellwanger testified that while he was drinking coffee in the cafe with two companions who were also carpenters, Mike Malerbi came over to the table and asked him if he would fix the roof. He testified that Malerbi told him to fix the roof so it didn't leak, and to get the materials to do the job from the plaintiff. It was his further testimony that to make the repair it was necessary to entirely replace the roofing paper on the roof of the lean-to. One of the two carpenters who were sitting with Ellwanger also testified to the conversation. He testified that the defendants came over to the table and that Mike Malerbi asked Ellwanger to repair the roof and to get the material needed from the plaintiff. This witness, who helped Ellwanger make the repair, also testified to the condition of the roof and the repair which was made. On cross-examination he testified that what Mike Malerbi told Ellwanger about getting the material was "to order it from the local yard," but that Anoka-Butte had the only yard in town.

Defendants perfected their appeal from the county court by delivering the transcript and having the appeal docketed within 30 days from the rendition of the judgment in the county court. The plaintiff, however, through

the neglect of its attorney, did not file a petition on appeal within the time provided by section 27-1306, R. R. S. 1943, which reads: "In all cases of appeal from the county court or a justice of the peace, the plaintiff in the court below shall, within fifty days from and after the date of the rendition of the judgment in the court below, file his petition as required in civil cases in the district court, and the answer shall be filed and issue joined as in cases commenced in such appellate court."

The plaintiff filed its petition on appeal approximately 4 months after the judgment was entered in the county court. Defendants filed a motion to nonsuit the plaintiff, which motion was overruled. Defendants urge that the showing made in support of the failure to file the petition after 50 days does not meet the requirements of good cause, and that the trial court abused its discretion in permitting plaintiff to file the petition on appeal.

It is to be noted that section 27-1306, R. R. S. 1943, does not specify any penalty for failure to comply with the statute. Section 27-1307, R. R. S. 1943, specifically covers the situation where a plaintiff who is the appellant fails to file a petition on appeal. That statute, so far as material, is as follows: "If the plaintiff in the action before the justice shall appeal from any judgment rendered against such plaintiff, and after having filed his transcript and caused such appeal to be docketed according to the provisions of this article, shall fail to file his petition within fifty days from the date of the rendition of such judgment by the justice, unless the court, on good cause shown, shall otherwise order, or otherwise neglect to prosecute to final judgment, the plaintiff shall become nonsuited; * * *."

The present action, however, involves the failure by a plaintiff who is an appellee to file a petition on appeal within the 50 days. The defendants cite the case of Rice v. McGrath, 162 Neb. 511, 76 N. W. 2d 428, in support of their contention that this situation is covered by the provisions of the statute. Rice v. McGrath, *supra*,

involved an appeal by the defendant in a replevin action in the county court. The plaintiff appellee did not file a petition on appeal within 50 days. Plaintiff subsequently filed an application for leave to file a petition on appeal, supported by a much stronger showing than is present in the instant case. The trial judge denied the application and this court, holding that the trial court did not abuse its discretion, affirmed the holding.

In re Estate of Grblny, 147 Neb. 117, 22 N. W. 2d 488, also involved a situation where the defendant attempted to nonsuit the plaintiff appellee. In that case this court said: "No authorities are cited directly in point but it will be observed that the transcript confers jurisdiction upon the district court which is vested with sound judicial discretion in such matters, and we find no statute providing that the court loses jurisdiction if the appellee, being plaintiff, fails to file his petition within the time required."

In In re Estate of Grblny, *supra,* the plaintiff appellee was permitted to file a petition out of time, and this court said: "We conclude that the applicable rule in cases similar to the one at bar should be that where the district court, on an appeal perfected by defendant from the county court, permits plaintiff upon application therefor to file his petition on appeal out of time it will be presumed on appeal to this court, in the absence of a record to the contrary, that good cause was shown and that the district court thereby exercised a sound judicial discretion." This case would therefore seem to hold that good cause must be shown by the plaintiff appellee to permit the filing of a petition out of time.

Reviewing the applicable statutes, we are unable to find any provision in the statutes which requires a showing of good cause on the part of the appellee. A litigant should not be deprived of a hearing upon the merits of his case unless the law requires such action. There is no question that section 27-1306, R. R. S. 1943, is intended to prevent unnecessary delay in the admin-

istration of justice. Unless the statute is enforced in some manner by the court, it would be within the power of a litigant to continue the litigation almost without end. Where the provisions of the statute provide for a showing of good cause, good cause must be required. Here, however, there is no such requirement. The proper procedure in such situation would appear to be for the appellant to direct the court's attention to the fact that the appellee has not filed a petition on appeal within the time required. The court should then order that the plaintiff be nonsuited unless a petition on appeal is filed within a time specified. Insofar as In re Estate of Grblny, 147 Neb. 117, 22 N. W. 2d 488, and Rice v. Mc-Grath, 162 Neb. 511, 76 N. W. 2d 428, hold to the contrary, they are overruled.

The trial court specifically found $81.09 to be the fair and reasonable value of the materials purchased; that the purchases were made by Ellwanger as defendants' agent; and that he exceeded his authority in that capacity. Defendants do not contest the finding on reasonable value, but do contest the finding on agency. It is true, as urged by defendants, that the declarations of an alleged agent are not admissible in evidence for the purpose of establishing or enlarging his authority. Le Bron Electrical Works, Inc. v. Livingston, 130 Neb. 733, 266 N. W. 589.

"Apparent or ostensible authority or agency for which a principal may be liable must be traceable to him and cannot be established by the acts, declarations, or conduct of the agent. The principal is only liable for appearance of authority caused by himself. Ostensible and apparent agency have been treated in this jurisdiction as being synonymous." Rodine v. Iowa Home Mutual Cas. Co., 171 Neb. 263, 106 N. W. 2d 391.

Here the testimony of the only disinterested witness is in substance to the effect that Ellwanger was hired to repair the roof of defendants' building, and was specifically directed by the defendants to purchase the neces-

sary materials from the plaintiff. The evidence is undisputed that all of the materials purchased were used on the defendants' building. The record supports the finding of agency, and the judgment rendered herein.

Plaintiff by cross-appeal raises the adequacy of the attorneys' fee allowed plaintiff in the trial court. Plaintiff was limited to about the minimum allowed under section 25-1801, R. R. S. 1943. Allowances within the limitations provided by the statute are within the sound discretion of the trial court. We see no reason to interfere with the allowance. There is no merit to plaintiff's cross-appeal.

For the reasons stated, the judgment of the trial court is affirmed. As provided by section 25-1801, R. R. S. 1943, a fee of $75 is allowed for the services of plaintiff's attorneys in this court.

AFFIRMED.