Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
03/06/2026 08:10 AM CST

STATE OF NEBRASKA, APPELLEE, V. STEPHEN M.
DAMORE, APPELLANT.

___ N.W.3d ___

Filed March 6, 2026.    No. S-24-940.

1. **Criminal Law: Courts: Juvenile Courts: Jurisdiction: Appeal and Error.** In appeals from an order of the county or district court in a pending criminal case granting or denying a motion to transfer the case to juvenile court, the ruling is reviewed for an abuse of discretion.
2. **Judges: Words and Phrases.** A judicial abuse of discretion exists if the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition.
3. **Judgments: Words and Phrases.** An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence.
4. **Judgments: Judges: Appeal and Error.** A ruling that involves judicial discretion is subject to review for an abuse thereof.
5. **Judges: Words and Phrases.** Discretion, when invoked as a guide to judicial action, is a sound discretion exercised with regard to what is right and equitable under the circumstances and the law and directed by the reason and conscience of the judge to a just result.
6. ____: ____. In the exercise of judicial discretion, there is an abuse of that power where the reasons and rulings of the court are clearly untenable and deprive a party of a substantial right clearly and fairly established and amount to a denial of justice.
7. **Judgments: Appeal and Error.** When an appellate court reviews a trial court's ruling for an abuse of discretion, it is considering whether the ruling exceeded the bounds of permissible choice, given the evidence presented and the applicable law.
8. ____: ____. The abuse of discretion standard of review recognizes there is a range of possible rulings that can be supported by the facts and

governing law in a particular case, and it requires appellate courts to defer to a trial court's ruling so long as it falls within the realm of these rationally available choices.

9. **Words and Phrases.** The various definitions of "abuse of discretion" are intended to be flexible, not formulaic.

10. **Judgments: Evidence: Appeal and Error.** When an appellate court substitutes its judgment regarding the weight of the evidence, it fails to apply an abuse of discretion standard of review.

Petition for further review from the Court of Appeals, Riedmann, Chief Judge, and Moore and Welch, Judges, on appeal thereto from the District Court for Lancaster County, Ryan S. Post, Judge. Judgment of Court of Appeals affirmed.

Eric M. Hagen, of Liberty Law Group, for appellant.

Michael T. Hilgers, Attorney General, and Jacob M. Waggoner, for appellee.

Funke, C.J., Cassel, Stacy, Papik, Freudenberg, Bergevin, and Vaughn, JJ.

Stacy, J.

After a fatal stabbing, the State charged Stephen M. Damore, then 14 years old, with first degree murder and use of a deadly weapon to commit a felony. The district court overruled Damore's motion to transfer the case to juvenile court, and the Nebraska Court of Appeals affirmed.[1]

Damore petitioned for further review, arguing primarily that the Court of Appeals erred by misstating and misapplying the applicable standard of appellate review. Damore reads the Court of Appeals' opinion to have articulated and applied what he contends was an impermissibly narrow version of the abuse of discretion standard, which he says resulted from misreading this court's opinion in *State v. Jeremiah T.*[2] Although we

---

[1] See *State v. Stephen D.*, No. A-24-940, 2025 WL 1937019 (Neb. App. July 15, 2025) (selected for posting to court website).

[2] *State v. Jeremiah T.*, 319 Neb. 133, 21 N.W.3d 313 (2025).

are not ultimately persuaded the Court of Appeals misstated or misapplied the abuse of discretion standard of review, we granted further review to address the issue.

## I. BACKGROUND

On May 18, 2024, there was an altercation between two groups of teenagers at a convenience store in Lincoln, Nebraska. Damore was in one group, and 16-year-old X.S. was in the other. During the altercation, a bottle was thrown at the driver's-side door of X.S.' vehicle, causing damage. Both groups eventually left the convenience store.

Damore returned to his residence with other members of his group. X.S. called his mother and told her about the damage to his vehicle, and she drove to Damore's residence to address the damage. When X.S.' mother arrived at Damore's residence, an argument ensued. Shortly thereafter, X.S. arrived at Damore's residence, and a cell phone captured video of the following events, as described by the Court of Appeals: "X.S. exited a vehicle and ran towards [Damore], 'squaring up' and throwing a punch at [Damore]. It appears that [Damore] then swung at X.S. with a knife, X.S. continued to aggress, and [Damore] struck X.S. with a knife a second time."[3] At the end of the same video, Damore noticed he was being recorded, and he instructed the recording party to "delete that." Damore and his group then retreated into his residence while X.S. awaited medical assistance. X.S. subsequently died from his injuries at a hospital.

After the stabbing, the State filed a complaint against Damore in Lancaster County Court charging him with first degree murder and use of a deadly weapon to commit a felony. Once the case was bound over to the district court, Damore filed a written arraignment and waiver of physical appearance,[4] which was not included in the appellate record. Thereafter,

---

[3] *Stephen D., supra* note 1, 2025 WL 1937019 at *1.

[4] See Neb. Rev. Stat. § 29-4206 (Reissue 2016).

Damore filed a motion to transfer the case to juvenile court.[5] The timeliness of that transfer motion was not challenged,[6] and the matter was set for an evidentiary hearing.

### 1. Evidentiary Hearing on Transfer Motion

A transfer hearing was conducted over multiple days in October and November 2024. The district court received 44 exhibits and heard testimony from five witnesses. The exhibits included hundreds of pages of police reports and witness statements relating to the stabbing, cell phone video footage of the stabbing, body camera footage from the officers who responded to the scene, a recorded phone call to the 911 emergency dispatch service, videos and images from Damore's social media accounts before and after the stabbing, and records relating to Damore's prior criminal and juvenile history. The court also received a copy of X.S.' autopsy report, which showed his cause of death was two stab wounds to the chest: one 6½ inches deep and the other 7¾ inches deep.

In addition to these exhibits, the State called two probation employees who testified about the various rehabilitative services available to Damore in the juvenile court and his response to such services in the past. Damore called three witnesses at the transfer hearing: a psychologist who had evaluated him, a licensed therapist who had been treating him, and the relative with whom he had been living while on bond. The testimony of all these witnesses was summarized in the Court of Appeals' opinion, and we do not repeat it here.

---

[5] See Neb. Rev. Stat. §§ 29-1816(3) and 43-276 (Cum. Supp. 2024).

[6] See § 29-1816(2) (accused younger than 18 years of age at time of alleged offense may move "at any time not later than thirty days after arraignment, unless otherwise permitted by the court for good cause shown, to waive jurisdiction in such case to the juvenile court for further proceedings under the Nebraska Juvenile Code").

## 2. Order Denying Transfer

In a written order entered December 6, 2024, the district court summarized the evidence, made specific factual findings and credibility determinations, and separately addressed each of the statutory factors required by § 43-276. The district court determined that some of the statutory factors weighed in favor of transferring the case to juvenile court, that one factor was "neutral," and that most factors supported retaining jurisdiction in the district court.

After analyzing and balancing all the statutory factors, the district court ultimately concluded the State had met its burden of proving that a sound basis existed for retaining the case in the district court, and it overruled Damore's motion to transfer. Per § 29-1816(4), an order granting or denying a motion to transfer a pending criminal case to juvenile court is considered a final order, which any party may appeal within 10 days. Damore filed a timely notice of appeal.

## 3. Court of Appeals

Before the Court of Appeals, Damore assigned multiple errors that the court consolidated and restated into one: "[T]he district court abused its discretion in denying [Damore's] motion to transfer to juvenile court where the State failed to show a sound basis existed for retention in district court, and in finding that statutory factors favored retention of the case in district court."[7]

When reciting the applicable standard of appellate review, the Court of Appeals correctly stated:

> A trial court's denial of a motion to transfer a pending criminal proceeding to the juvenile court is reviewed for an abuse of discretion. *State v. Aldana Cardenas*, 314 Neb. 544, 990 N.W.2d 915 (2023). An abuse of discretion occurs when a trial court's decision is based upon reasons

---

[7] *Stephen D., supra* note 1, 2025 WL 1937019 at *5.

that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Id.*[8]

In its analysis, the Court of Appeals elaborated on the abuse of discretion standard. It observed the settled principle that "[w]hen a district court's basis for retaining jurisdiction over a juvenile is supported by appropriate evidence, it cannot be said that the court abused its discretion in refusing to transfer the case to juvenile court."[9] It also discussed our recent opinion in *Jeremiah T.*,[10] where we emphasized the difference between conducting a de novo review and a review for abuse of discretion. Quoting directly from *Jeremiah T.*, the Court of Appeals noted:

"Abuse of discretion is a highly deferential standard of review. It is the standard applicable to reviewing a criminal sentence, where we have explained that '[i]t is not the function of an appellate court to conduct a de novo review of the record to determine whether a sentence is appropriate' and that '[t]he standard is not what sentence we would have imposed.' Likewise, in reviewing a trial court's ruling on a transfer motion, an appellate court's function is not to review the record de novo to determine whether we think the case should be transferred."[11]

The Court of Appeals also quoted our admonition in *Jeremiah T.* that when reviewing for an abuse of discretion, appellate courts are "'not empowered to second-guess the district court's assessment'" of the evidence.[12] And it emphasized our statement in *Jeremiah T.* that an appellate court's review of a district court's transfer ruling should not articulate reasons why it might have ruled differently, and should instead be "limited to determining whether the trial court's reasons and

---

[8] *Id.*

[9] *Id.* at *6 (citing *State v. Hunt*, 299 Neb. 573, 909 N.W.2d 363 (2018)).

[10] *Jeremiah T., supra* note 2.

[11] *Stephen D., supra* note 1, 2025 WL 1937019 at *6.

[12] See *id.*

rulings are clearly untenable."[13] Finally, the Court of Appeals quoted *Jeremiah T.* for the proposition that "'untenable'" means "'incapable of being defended.'"[14]

In conducting its appellate review, the Court of Appeals discussed the evidence and each factor in § 43-276. The court was critical of some of the district court's reasoning, but it ultimately concluded that it could not find an abuse of discretion in denying the transfer motion.

The Court of Appeals therefore affirmed the district court's ruling denying transfer. We granted Damore's petition for further review to consider his assertion that the Court of Appeals misstated and misapplied the abuse of discretion standard of review.

## II. ASSIGNMENTS OF ERROR

On further review, Damore assigns, consolidated and restated, that the Court of Appeals erred in (1) misstating and misapplying the abuse of discretion standard of review, (2) conducting an improper de novo review, and (3) concluding the district court did not abuse its discretion in denying transfer.

## III. STANDARD OF REVIEW

[1] In appeals from an order of the county or district court in a pending criminal case granting or denying a motion to transfer the case to juvenile court, the ruling is reviewed for an abuse of discretion.[15]

[2,3] Our juvenile transfer appeals typically describe an abuse of discretion in one of two ways. Either we state that a judicial abuse of discretion exists if the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant

---

[13] *Id.* at *9. See, also, *Jeremiah T., supra* note 2, 319 Neb. at 145, 21 N.W.3d at 323 ("the Court of Appeals' review was limited to an examination for abuse of discretion").

[14] *Stephen D., supra* note 1, 2025 WL 1937019 at *9.

[15] See *Jeremiah T., supra* note 2.

of a substantial right and denying just results in matters submitted for disposition,[16] or we state that an abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence.[17]

The Court of Appeals' opinion recited the latter articulation. On further review, Damore posits that this definition contains a total of "six recognized bases that may support a finding of abuse of discretion."[18] He argues that each of these "independent grounds"[19] must be separately and independently analyzed when reviewing for an abuse of discretion, and he reads the Court of Appeals' opinion as having "collaps[ed] this standard into a single inquiry [for] untenability"[20] when it stated that its review was "limited to determining whether the trial court's reasons and rulings are clearly untenable."[21] Damore argues that by focusing exclusively on what he calls the "untenable prong"[22] of the abuse of discretion standard, the Court of Appeals articulated and applied a standard that was too narrow and thus "never analyzed whether the district court's decision was based on reasons that were unreasonable, or whether the ruling was clearly against justice, conscience, reason, or evidence, thereby failing to apply the proper standard of review."[23] According to Damore, this case "presents

---

[16] *Id.* Accord *State v. Tyler P.*, 299 Neb. 959, 911 N.W.2d 260 (2018).

[17] See, e.g., *State v. Aldana Cardenas*, 314 Neb. 544, 990 N.W.2d 915 (2023); *Hunt, supra* note 9; *State v. Bluett*, 295 Neb. 369, 889 N.W.2d 83 (2016).

[18] Brief for appellant in support of petition for further review at 5.

[19] Supplemental brief for appellant in support of petition for further review at 2.

[20] *Id*.

[21] *Stephen D., supra* note 1, 2025 WL 1937019 at *9.

[22] Brief for appellant in support of petition for further review at 6.

[23] *Id.*

an important opportunity for this Court to clarify the proper scope of abuse-of-discretion review after *Jeremiah T*."[24]

Damore is correct that our juvenile transfer opinions generally recite one of two common definitions of the abuse of discretion standard.[25] But, as we explain next, although the wording of the definitions differs in some respects, the definitions describe the same highly deferential standard of review.

## IV. ANALYSIS

### 1. Meaning of Abuse of Discretion Standard

Nebraska's appellate courts have long reviewed trial courts' discretionary rulings for an abuse of discretion.[26] We elaborated on the meaning of that standard nearly a century ago, in *Pettegrew v. Pettegrew*.[27]

*Pettegrew* discussed the related concepts of "discretion" and "abuse of discretion" in judicial decisions. Regarding the concept of judicial discretion, *Pettegrew* noted that the term itself "'denotes the absence of a hard and fast rule,'"[28] but we

---

[24] Supplemental brief for appellant in support of petition for further review at 13-14.

[25] Compare, e.g., *Aldana Cardenas, supra* note 17, 314 Neb. at 549, 990 N.W.2d at 921 ("[a]n abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence"), and *Hunt, supra* note 9 (same), with *Jeremiah T., supra* note 2, 319 Neb. at 144, 21 N.W.3d at 323 (abuse of discretion exists when "reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition").

[26] See, e.g., *Bernstien v. Brown*, 23 Neb. 64, 68, 36 N.W. 359, 360 (1888) ("[t]he question presented by the motion was largely one of discretion[;] hence[,] the decision of the court below cannot be interfered with here, unless there was an abuse of discretion").

[27] *Pettegrew v. Pettegrew*, 128 Neb. 783, 260 N.W. 287 (1935).

[28] *Id*. at 788, 260 N.W. at 289.

endorsed the U.S. Supreme Court's observation that judicial discretion "'means a sound discretion, that is to say, a discretion exercised not arbitrarily or wil[l]fully, but with regard to what is right and equitable under the circumstances and the law, and directed by the reason and conscience of the judge to a just result.'"[29] Relatedly, when describing an abuse of discretion, *Pettegrew* quoted the Iowa Supreme Court's observation that "'[i]f the reasons given by the court for its action are clearly untenable or unreasonable, if its action clearly amounts to a denial of justice, if clearly against justice or conscience, reason, and evidence, it has abused its discretion.'"[30]

[4-6] In *Pettegrew*, we condensed these concepts into three related syllabus points. One recited the principle that "[a] ruling that involves judicial discretion is subject to review for an abuse thereof."[31] Another recited the principle that "'[**d**]**iscretion**,' when invoked as a guide to judicial action, is a sound discretion exercised with regard to what is right and equitable under the circumstances and the law and directed by the reason and conscience of the judge to a just result."[32] And a third syllabus point stated the principle that "[i]n the exercise of judicial discretion, there is an abuse of that power where the reasons and rulings of the court are clearly untenable and deprive a party of a substantial right clearly and fairly established and amount to a denial of justice."[33]

In the years after *Pettegrew*, some of our published appellate opinions have described the abuse of discretion standard using language similar to the quotes found within the body of

---

[29] *Id*. (quoting *Langnes v. Green*, 282 U.S. 531, 51 S. Ct. 243, 75 L. Ed. 520 (1931)).

[30] *Id*. (quoting *State ex rel. Fletcher v. District Court*, 213 Iowa 822, 238 N.W. 290 (1931)).

[31] *Pettegrew, supra* note 27, 128 Neb. at 783, 260 N.W. at 287 (syllabus of the court).

[32] *Id*.

[33] *Id*.

the *Pettegrew* opinion,[34] others have used language similar to the syllabus points in *Pettegrew*,[35] and still others have used language combining or paraphrasing the quotes and the syllabus points.[36] But for the past several decades, our appellate

---

[34] See, *Gutchewsky v. Ready Mixed Concrete Co.*, 219 Neb. 803, 805, 366 N.W.2d 751, 752-53 (1985) ("[i]f the reasons given by the court for its action are clearly untenable or unreasonable, if its action clearly amounts to a denial of justice, if clearly against justice or conscience, reason and evidence, it has abused its discretion") (internal quotation marks omitted), *disapproved on other grounds, Fidler v. Life Care Centers of America*, 301 Neb. 724, 919 N.W.2d 903 (2018); *State v. Noll*, 171 Neb. 831, 835-36, 108 N.W.2d 108, 111 (1961) ("[w]hen invoked as a guide to judicial action it means a sound discretion, that is to say, a discretion exercised not arbitrarily or wil[l]fully, but with regard to what is right and equitable under the circumstances and the law, and directed by the reason and conscience of the judge to a just result") (internal quotation marks omitted).

[35] See, *Guggenmos v. Guggenmos*, 218 Neb. 746, 748, 359 N.W.2d 87, 90 (1984) (abuse of discretion "require[s] the reasons or rulings of the trial judge to be clearly untenable and to deprive a party of a substantial right such as to amount to a denial of justice"); *Wagner v. State*, 176 Neb. 589, 593, 126 N.W.2d 853, 856 (1964) ("'[i]n the exercise of judicial discretion, there is an abuse of that power where the reasons and rulings of the court are clearly untenable and deprive a party of a substantial right clearly and fairly established and amount to a denial of justice'"), *overruled on other grounds, Bentz v. Nebraska P.P. Dist.*, 211 Neb. 844, 320 N.W.2d 763 (1982).

[36] See *Rice v. McGrath*, 162 Neb. 511, 515, 76 N.W.2d 428, 431 (1956) ("[t]he term 'discretion' denotes the absence of a hard and fast rule. When invoked as a guide to judicial action it means a sound discretion, that is to say, a discretion exercised not arbitrarily or willfully, but with regard to what is right and equitable under the circumstances and the law, and directed by the reason and conscience of the judge to a just result"), *overruled on other grounds, Anoka-Butte Lumber Co. v. Malerbi*, 180 Neb. 256, 142 N.W.2d 314 (1966). Accord *First Trust Co. v. Thompson*, 147 Neb. 366, 23 N.W.2d 339 (1946) (same). See, also, *Mabry v. Mudd*, 132 Neb. 610, 612, 272 N.W. 574, 575 (1937) ("'[d]iscretion, when applied to a court of justice, means sound discretion guided by law. It must be governed by rule, not by humour; it must not be arbitrary, vague, and fanciful; but legal and regular'").

opinions have typically described the abuse of discretion standard using one of two familiar definitions.

As already noted, sometimes we recite that an "abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence."[37] Other times, we recite that an abuse of discretion exists when the "reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition."[38] We have applied both definitions in a variety of different legal contexts, and our opinions have not expressed a preference for one definition over the other. Indeed, sometimes both definitions appear in the same opinion.[39]

It is common for courts, in Nebraska and elsewhere, to use a variety of different definitions to describe the abuse of

---

[37] See, e.g., *In re Interest of Johnny H., ante* p. 675, 697, 29 N.W.3d 808, 825 (2026). Accord, *State v. Rejai, ante* p. 599, 29 N.W.3d 225 (2026); *State ex rel. Douglas Cty. Sch. Dist. No. 66 v. Ewing*, 319 Neb. 663, 24 N.W.3d 861 (2025). See, also, *Sulzle v. Sulzle*, 318 Neb. 194, 14 N.W.3d 532 (2024).

[38] See, e.g., *Sebade v. Sebade, ante* p. 398, 432, 28 N.W.3d 19, 46 (2025). Accord, *State v. Price, ante* p. 1, 26 N.W.3d 70 (2025); *Henderson State Co. v. Garrelts*, 319 Neb. 485, 23 N.W.3d 444 (2025).

[39] See, e.g., *State v. Ramos*, 319 Neb. 511, 23 N.W.3d 640 (2025), *cert. denied* ___ U.S. ___, ___ S. Ct. ___, ___ L. Ed. 2d ___ (2026); *State v. Lara*, 315 Neb. 856, 2 N.W.3d 1 (2024), *cert. denied* ___ U.S. ___, 144 S. Ct. 2608, 219 L. Ed. 2d 1256; *State v. Cooke*, 311 Neb. 511, 973 N.W.2d 658 (2022); *State on behalf of Kaaden S. v. Jeffery T.*, 303 Neb. 933, 932 N.W.2d 692 (2019); *O'Brien v. Cessna Aircraft Co.*, 298 Neb. 109, 903 N.W.2d 432 (2017); *ACI Worldwide Corp. v. Baldwin Hackett & Meeks*, 296 Neb. 818, 896 N.W.2d 156 (2017); *State on behalf of Jakai C. v. Tiffany M.*, 292 Neb. 68, 871 N.W.2d 230 (2015); *Schrag v. Spear*, 290 Neb. 98, 858 N.W.2d 865 (2015).

discretion standard.[40] There is no single, generally accepted definition,[41] and because the facts and the law on which a ruling is based will vary widely depending on the circumstances, it is perhaps impractical to expect that a single definition could efficiently describe all the ways in which a trial court might abuse its discretion.[42] Although we see nothing unusual about courts' relying on different definitions to describe the myriad of ways in which judicial discretion can be abused, it is perhaps helpful to remember what an appellate court is doing when it applies the abuse of discretion standard.

[7,8] When an appellate court reviews a trial court's ruling for an abuse of discretion, it is considering whether the ruling "'exceeded the bounds of permissible choice,'"[43] given the evidence presented and the applicable law. In other words, the abuse of discretion standard of review recognizes there is a range of possible rulings that can be supported by the facts and governing law in a particular case, and it requires reviewing courts to defer to a trial court's ruling "so long as it falls within the realm of these rationally available choices."[44] As Judge Learned Hand observed, the phrase "abuse of discretion" simply means that an appellate court will not reverse a trial court's discretionary ruling "so long as we think that the

---

[40] See, e.g., *U.S. v. Luster*, 55 M.J. 67, 73 (C.A.A.F. 2001) (Crawford, C.J., dissenting) (noting phrase "abuse of discretion" has variety of definitions and courts "appropriately fluctuate[]" between definitions depending on issue being reviewed); *Lambert v. Srs. of St. Joseph*, 277 Or. 223, 229, 560 P.2d 262, 266 (1977) (noting wide variety of definitions for "'abuse of discretion'" and suggesting "[i]t is difficult to formulate a concise and accurate definition from these cases for the reason that there is such a factual divergency and 'judicial discretion' is involved in many different circumstances").

[41] See Henry J. Friendly, *Indiscretion About Discretion*, 31 Emory L.J. 747 (1982).

[42] See *id.* Accord *Lambert, supra* note 40.

[43] See *U.S. v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2007).

[44] See *id.*

[ruling] is within permissible limits,"[45] given the facts and the law.

We see a similar concept expressed in *Pettegrew*, within the observation that sound judicial discretion is "exercised with regard to what is right and equitable under the circumstances and the law and directed by the reason and conscience of the judge to a just result."[46] The various definitions of abuse of discretion we rely upon today, which originated from *Pettegrew*, are merely different ways of expressing the same foundational principle: When a trial court fails to exercise sound judicial discretion in light of the facts and the governing law in a particular case, there has been an abuse of discretion.

Having reviewed the development and underpinnings of the abuse of discretion standard in Nebraska, we turn to Damore's arguments that the Court of Appeals misstated and misapplied that standard in this case.

### 2. Did Court of Appeals Misstate or Misapply Abuse of Discretion Standard?

Damore's first and second assignments of error present inconsistent theories to support his claim that the Court of Appeals misapplied the abuse of discretion standard. Both assignments rest on language used in the Court of Appeals' opinion, but his first assignment argues that certain language shows the court impermissibly narrowed the deferential abuse of discretion standard of review, while his second assignment argues that other language shows the court impermissibly applied the less deferential de novo standard of review. We address each assignment in turn and ultimately conclude that neither is supported by a fair reading of the Court of Appeals' opinion.

---

[45] *Barnett v. Equitable Trust Co.*, 34 F.2d 916, 920 (2d Cir. 1929), *modified sub nom. U.S. v. Equitable Trust Co.*, 283 U.S. 738, 51 S. Ct. 639, 75 L. Ed. 1379 (1931).

[46] *Pettegrew, supra* note 27, 128 Neb. at 783, 260 N.W. at 287 (syllabus of the court).

### (a) Court of Appeals Did Not Narrow
### Standard of Review

Damore acknowledges that the Court of Appeals expressly stated, before conducting its analysis, that it was reviewing the district court's ruling for an abuse of discretion. And he acknowledges the Court of Appeals correctly recited that standard when it stated: "An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence."[47] But Damore argues that because the Court of Appeals stated, near the end of its opinion, that its review was "limited to determining whether the trial court's reasons and rulings are clearly untenable,"[48] it must have applied an impermissibly narrowed standard of review. We disagree.

[9] First, we reject Damore's premise that to correctly apply the abuse of discretion standard, an appellate court must separately and independently analyze each way in which a trial court might abuse its discretion. The various definitions of "abuse of discretion" are intended to be flexible, not formulaic. The definitions should not be understood as an exhaustive list of factors that must be analyzed in every case. Instead, the definitions provide guidance for appellate courts as they consider whether a trial court's decision demonstrated the exercise of sound discretion, or instead "'exceeded the bounds of permissible choice,'"[49] given the evidence and the applicable law in the case at hand. Here, the Court of Appeals summarized its abuse of discretion examination by concluding that neither the district court's factual findings nor its transfer decision was clearly untenable. We reject Damore's suggestion that the appellate court was required to engage in additional analysis.

---

[47] *Stephen D., supra* note 1, 2025 WL 1937019 at *5.

[48] *Id*. at *9.

[49] *McComb, supra* note 43, 519 F.3d at 1053.

We also reject Damore's related argument that certain statements within the Court of Appeals' opinion suggest it misread *Jeremiah T.* to signal a narrowing of the familiar abuse of discretion standard. Damore points to the following language, appearing near the end of the Court of Appeals' opinion, which we italicize for emphasis:

> *Our review is limited to determining whether the trial court's reasons and rulings are clearly untenable.* [*State v.*] *Jeremiah T., supra*. To be "untenable" is to be "incapable of being defended." *Id. Given this limitation on our review*, we cannot say that the district court's factual findings nor its ultimate refusal to transfer the matter to the juvenile court was clearly untenable.[50]

Damore argues, based on the italicized language above, that the Court of Appeals read *Jeremiah T.* to have collapsed the abuse of discretion standard into a single inquiry focused only on untenability, and he argues it is "inconceivable [the Supreme Court] intended this longstanding standard [to] be so narrowly curtailed."[51]

[10] In *Jeremiah T.*, we were critical of the Court of Appeals for engaging in what appeared to be a reweighing of the evidence and a rebalancing of the statutory juvenile transfer factors, rather than limiting its appellate review to whether the district court abused its discretion. We emphasized that when an appellate court "substitutes its judgment regarding the weight of the evidence, it fails to apply an abuse of discretion standard of review."[52] Elaborating on that point, we explained:

> [I]n reviewing a trial court's ruling on a transfer motion, an appellate court's function is not to review the record de novo to determine whether we think the case should be transferred. Here, the Court of Appeals articulated reasons

---

[50] *Stephen D., supra* note 1, 2025 WL 1937019 at *9 (emphasis supplied).

[51] Brief for appellant in support of petition for further review at 5.

[52] *Jeremiah T., supra* note 2, 319 Neb. at 149, 21 N.W.3d at 325.

why it would have transferred the matter to juvenile court. But an appellate court's review is limited to determining whether the trial court's reasons and rulings are clearly untenable. To be "untenable" is to be "incapable of being defended." Neither the district court's factual findings nor its ultimate refusal to transfer the matter to the juvenile court was clearly untenable. Contrary to the Court of Appeals' conclusion, the district court articulated a sound basis for retaining jurisdiction.[53]

*Jeremiah T.* therefore concluded that because the district court had a sound basis for retaining jurisdiction, it had not abused its discretion in overruling the motion to transfer the case to the juvenile court, and the Court of Appeals erred in concluding otherwise.

Our discussion of untenability in *Jeremiah T.* did not signal any sort of change to the abuse of discretion standard or to the definitions typically used to describe that standard. *Jeremiah T.* discussed and defined the term "untenable" because it appears prominently in both definitions of abuse of discretion, and our statement that "an appellate court's review is limited to determining whether the trial court's reasons and rulings are clearly untenable"[54] was merely a shorthand way to reference the abuse of discretion standard without repeating the entire definition. It was not intended to modify our earlier observation in *Jeremiah T.* that the "Court of Appeals' review was limited to an examination for abuse of discretion."[55]

Returning to the instant appeal, we see nothing in the Court of Appeals' analysis to indicate that it misunderstood our reference to untenability in *Jeremiah T.* or that it discerned therefrom any change to the abuse of discretion standard of review. We reject Damore's assertion to the contrary.

---

[53] *Id*. at 152, 21 N.W.3d at 327.

[54] *Id*.

[55] *Id*. at 145, 21 N.W.3d at 323.

### (b) Court of Appeals Did Not
### Conduct De Novo Review

In his second assignment of error, Damore contends that the Court of Appeals "[c]onducted an improper *de novo* [r]eview of the [r]ecord"[56] when addressing some of the statutory factors. He argues that although the appellate court said it was applying an abuse of discretion standard, it occasionally "reanalyzed the factors set forth in . . . § 43-276, drawing its own independent conclusions."[57]

Damore's argument rests largely on semantics. He directs us to several places in the Court of Appeals' analysis where he contends it used language that "mirrored a *de novo* review and engaged in independent fact-finding rather than reviewing the district court's reasoning under the abuse of discretion standard."[58]

We acknowledge that the Court of Appeals occasionally used reweighing language in its opinion and appeared to state its own conclusions about how the evidence should be weighed rather than analyzing the district court's reasoning. It would not be unusual for an appellate court to employ some reweighing language in an opinion reviewing a *juvenile court's* transfer ruling because in such cases, the appellate court is required to review the juvenile court's decision "de novo on the record for an abuse of discretion,"[59] and under such a standard of review, the appellate court "do[es] not defer to the findings of the trial judge in determining whether there has been an abuse of discretion, but, rather, make[s its] own appraisal of the record to determine whether

---

[56] Brief for appellant in support of petition for further review at 9.

[57] *Id*. at 10.

[58] *Id*. at 13.

[59] *In re Interest of Aaden S., ante* p. 785, 800, 30 N.W.3d 668, 681 (2026) (appellate court reviews juvenile court's decision to transfer juvenile offender's case to county or district court de novo on record for abuse of discretion). Accord *In re Interest of Steven S.*, 299 Neb. 447, 908 N.W.2d 391 (2018) (same).

the results obtained are untenable such as to have denied justice."[60] But in appeals like this one, where the appellate court is required to review a *district court's* transfer ruling for an abuse of discretion, we have strongly cautioned against employing reweighing language and have explained that it has no proper place in an appellate court's analysis.[61] And we agree with Damore that reweighing language should not have been employed here.

But when we consider the Court of Appeals' opinion in its entirety, we are not persuaded that the use of such language was pervasive, and, more importantly, we see no indication that the appellate court abandoned the abuse of discretion standard and instead conducted a de novo review. On this record, Damore's second assignment of error does not provide a basis for reversal.

### 3. Court of Appeals Did Not Err in Finding No Abuse of Discretion

Finally, Damore assigns that the Court of Appeals erred in its ultimate conclusion that the trial court did not abuse its discretion in denying his transfer motion. We understand the primary thrust of his argument to be that this conclusion was erroneous because it was premised on a misapplication of the proper standard of review. Because we have already concluded the Court of Appeals neither misstated nor misapplied the familiar abuse of discretion standard, we likewise reject Damore's third assignment of error to the extent it rests on an alleged misapplication of the standard of review.

And to the extent Damore can be understood to argue that even if the Court of Appeals applied the correct standard of review, it nevertheless erred in not finding an abuse of discretion on this record, we cannot agree. It is not necessary to engage in an exhaustive analysis of the record, the trial

---

[60] *Guggenmos, supra* note 35, 218 Neb. at 748, 359 N.W.2d at 90.

[61] See *Jeremiah T., supra* note 2.

court's reasoning, or the Court of Appeals' analysis. It suffices to say that, having considered the applicable law and the evidence adduced at the transfer hearing, including the trial court's findings relating to weight and credibility and its balancing of the various statutory factors, we see no error in the Court of Appeals' ultimate conclusion that the district court did not abuse its discretion in denying the motion to transfer. On this record, the district court's ruling was well within the bounds of sound discretion and permissible choice, given the evidence and the applicable law. Damore's third assignment of error is not supported by the record.

## V. CONCLUSION

For the foregoing reasons, we reject Damore's arguments that the Court of Appeals misstated and misapplied the abuse of discretion standard when reviewing the district court's ruling denying transfer to the juvenile court, and we see no error in the Court of Appeals' ultimate conclusion that the district court's denial of the motion to transfer was not an abuse of discretion. On further review, the Court of Appeals' decision is affirmed.

AFFIRMED.